■ In the Matter of the Claim of WILLIAM R. JOUBERT, SR., Respondent. CLINTON NURSERY PRODUCTS, INC., Appellant. COMMISSIONER OF LABOR, Respondent. (And Another Related Claim.) [680 NYS2d 718] —Graffeo, J. Appeals from two decisions of the Unemployment Insurance Appeal Board, filed March 20, 1997, which ruled that Clinton Nursery Products, Inc. was liable for unemployment insurance contributions based upon remuneration paid to claimant and those similarly situated.

Clinton Nursery Products, Inc., a supplier and distributor of plant supplies, and claimant entered into an agreement in which claimant became a distributor of Clinton's products. Although claimant abided by the terms of the contract, the document was never executed by claimant, which led to his termination approximately six months later. Clinton assigned claimant a specific route and customer list and required claimant to service his accounts with a minimum frequency. Exclusive authority was retained by Clinton to alter the route or add accounts. Claimant's remuneration was calculated as a percentage of the gross profit after Clinton billed the accounts. Customer complaints were to be directed to Clinton, which could terminate a distributor if a complaint was not satisfactorily addressed by the distributor within five days. Significantly, distributors were bound by a two-year noncompetition restriction after termination of services.

Subsequent to claimant's termination, the Commissioner of Labor determined that claimant and others similarly situated were not independent contractors, thereby requiring Clinton to pay unemployment insurance contributions. At the conclusion of a hearing requested by Clinton, the Administrative Law Judge (hereinafter ALJ) found independent contractor status for claimant and those similarly situated. The Commissioner appealed, and the Board reversed the ALJ's determination and ruled that claimant, and those similarly situated who had not

incorporated their distribution businesses, were employees and not independent contractors.* Clinton appeals.

The existence of an employer-employee relationship is based on whether "the employer exercises either control over the results produced or, more importantly, over the means used to achieve the results" (*Matter of Braunstein [Dinaire Corp.— Commissioner of Labor]*, 250 AD2d 899; *see, Scott v Massachusetts`Mut. Life Ins. Co.*, 86 NY2d 429, 433; *Matter of Ted Is Back Corp. [Roberts]*, 64 NY2d 725, 726). Upon review of the record, we find that substantial evidence exists to support the Board's decisions. Testimony revealed manifestations of control by Clinton, including the fact that claimant was assigned a specific route and was compelled to service each account at a predetermined frequency. Claimant was further required to notify Clinton if he was absent and was subject to termination based on the failure to properly service clients. Additionally, the two-year noncompetition provision was properly deemed a significant factor by the Board in evaluating the extent to which Clinton exercised control during the contractual relationship. Hence, there is no reason to disturb the Board's decisions that Clinton exercised sufficient control over the means claimant used to perform his work, notwithstanding evidence in the record tending to support a contrary finding (*see, Matter of Braunstein [Dinaire Corp.—Commissioner of Labor], supra*; *Matter of Rhodes [Aspex Eyewear—Sweeney]*, 247 AD2d 689).

Clinton's remaining arguments, including its assertion that the Commissioner did not timely appeal the determination of the ALJ to the Board, have been considered and found to be unsupported by the record.

Mercure, J. P., Yesawich Jr., Peters and Spain, JJ., concur. Ordered that the decisions are affirmed, without costs.

---

* Both the ALJ and the Board issued two identical decisions, one referring to claimant and the other with regard to those similarly situated.