In the Matter of the Claim of MARY WATERS, Appellant, v CITY OF NEW YORK, Respondent. WORKERS' COMPENSATION BOARD, Respondent. [681 NYS2d 142] —Cardona, P. J. Appeal from a decision of the Workers' Compensation Board, filed October 6, 1997, which ruled that claimant's failure to obtain the consent of her self-insured employer to the settlement of a third-party action barred her from receiving further benefits.

On December 16, 1989, claimant was injured in an automobile accident during the course of her employment. She filed a workers' compensation claim and was found to have suffered a 10% schedule loss of the use of her left leg. She commenced a

third-party action and obtained a settlement in the amount of $5,000. Following a hearing in January 1997, a Workers' Compensation Law Judge closed claimant's case, discontinuing her schedule loss award, based upon the lack of evidence that claimant had obtained the consent of her self-insured employer prior to accepting the third-party settlement. The Workers' Compensation Board affirmed that decision and claimant appeals.

Initially, we note that under Workers' Compensation Law § 29 (1) and (4), an employer's insurance carrier, or in the case of a self-insured employer the employer itself, has a lien and offset against a claimant's net recovery resulting from a third-party action. No lien, however, attaches to the proceeds of any recovery received under Insurance Law § 5104 (a) "in lieu of first party benefits" (Workers' Compensation Law § 29 [1-a]). First party benefits are defined as payments made to reimburse a person for "basic economic loss" (Insurance Law § 5102 [b]) and include payments up to $50,000 (*see*, Insurance Law § 5102 [a]) for items such as loss of earnings from work of up to $2,000 per month for not more than three years after the accident (*see*, Insurance Law § 5102 [a] [2]).

As a general rule, in order to preserve the right to receive workers' compensation benefits, a claimant must obtain the consent of the employer or its insurance carrier to the third-party settlement (*see*, Workers' Compensation Law § 29 [5]; *Matter of Johnson v Buffalo & Erie County Private Indus. Council*, 84 NY2d 13). Such consent is required because the employer's or carrier's ultimate liability for benefits may exceed the amount of the settlement. Indeed, an unauthorized settlement could jeopardize an employer's right to recoup any future benefits for which it might become liable (*see, e.g., Matter of Gilson v National Union Fire Ins. Co.*, 246 AD2d 897). In the instant case, inasmuch as the record reflects that claimant did not obtain the consent of the self-insured employer prior to accepting the $5,000 third-party settlement, her right to receive benefits for her schedule loss appears to be barred under the foregoing reasoning.

However, in two cases decided prior to this case, the Board applied an exception to this rule on facts nearly identical to those presented herein. In *Matter of UHS Home Attendants* (WCB No. 08916873 [May 14, 1996]), the Board ruled that the claimant, who was involved in an automobile accident during the course of her employment and who thereafter obtained a schedule award of 30% permanent loss of use of her left leg, was not precluded from continuing to receive benefits even

though she failed to obtain the consent of the workers' compensation insurance carrier to her settlement of a third-party action in which she had received $6,010. The Board noted that the holding in *Matter of Johnson v Buffalo & Erie County Private Indus. Council* (*supra*) did not mandate a contrary result inasmuch as the payments involved in that case extended beyond the three-year limitations period of Insurance Law § 5102 (a) (2). The Board further stated that because the carrier did not have a lien under Workers' Compensation Law § 29 (1-a) on payments of up to $50,000 for basic economic loss, the claimant's failure to obtain the carrier's consent did not bar her from receiving the schedule loss award. The Board made a similar ruling in *Matter of Maresca* (WCB No. F2940751 [July 14, 1997]); however, it did not follow this precedent in claimant's case.

Given the factual similarities in the current case with the Board's previous decisions, "it was incumbent upon the Board to either follow the precedent established by its decision[s] in the prior case[s] or provide an explanation for its failure to do so" (*Matter of Paolucci v Capital Newspapers*, 197 AD2d 811, 812; see, *Matter of Field Delivery Serv. [Roberts]*, 66 NY2d 516, 520). Therefore, the matter must be remitted to the Board.

Mercure, White, Yesawich Jr. and Peters, JJ., concur. Ordered that the decision is reversed, with costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.