■ In the Matter of the Claim of HAMIDOU RAMADHAN, Appellant, v MORGANS HOTEL GROUP MANAGEMENT, LLC, et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [936 NYS2d 584]—

Rose, J.

The Board concluded that claimant did not qualify for total disability pursuant to Workers' Compensation Law § 15 (1) because, even though he qualified for a 100% schedule loss of use of both eyes (*see* Workers' Compensation Law § 15 [3] [p]), he still had some vision. Claimant, on the other hand, argues that he sustained the "loss of both eyes" as required for total disability, and he relies on a previous Board decision in which the claimant was determined to have a permanent total disability despite medical evidence indicating that the claimant still had some vision (*see Max W. Fritzsch* 1993 WL 360607 [WCB No. 9881 0026, Aug. 31, 1993]). We agree that the previous Board decision finds a total disability on facts that appear to be substantially similar to those in this case (*see also Matter of Boyce v Michelangelo Gen. Contrs.*, 195 AD2d 768, 769 [1993]),

and the Board was required to either follow the relevant precedent established by its prior decision or provide an explanation for its failure to do so (*see Matter of Charles A. Field Delivery Serv. [Roberts]*, 66 NY2d 516, 520 [1985]; *Matter of Wills v Christian Nursing Registry*, 280 AD2d 810, 811-812 [2001]; *Matter of Waters v City of New York*, 256 AD2d 680, 682 [1998]). Accordingly, we remit for the Board to adhere to its prior decision in *Fritzsch* or provide an appropriate explanation for deviating from that precedent (*see Matter of Rogers v Del Labs*, 52 AD3d 1129, 1130 [2008]).

Mercure, A.P.J., Lahtinen, Kavanagh and McCarthy, JJ., concur. Ordered that the decision is reversed, without costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.