*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  July 2, 2015                    519690
_____

In the Matter of MASTROIANNI
    BROS., INC.,
                         Appellant.
                                        MEMORANDUM AND ORDER
COMMISSIONER OF LABOR,
                         Respondent.
_____

Calendar Date:  April 22, 2015

Before:  Lahtinen, J.P., Garry, Lynch and Clark, JJ.

                    _____


        McNamee, Lochner, Titus & Williams, PC, Albany (Scott C.
Paton of counsel), for appellant.

        Eric T. Schneiderman, Attorney General, New York City
(Steven Koton of counsel), for respondent.

                    _____


Lahtinen, J.P.

        Appeal from that part of a decision of the Unemployment
Insurance Appeal Board, filed December 2, 2013, which assessed
Mastroianni Bros., Inc. for additional unemployment insurance
contributions.

        Mastroianni Bros., Inc. sells baked food products to
supermarkets, independent grocery stores and restaurants.  The
products are delivered from the bakery to the various stores by
individuals referred to as drivers/distributors (hereinafter
distributors), whose status as employees or independent

contractors is in dispute.[1]  A field report in 2003 concluded that such individuals were independent contractors.  However, a more extensive audit in 2006 reached a contrary result finding that they were employees.  The Department of Labor assessed Mastroianni for additional unemployment insurance contributions for the period from 2003 to 2005.  Mastroianni objected and, following a hearing, an Administrative Law Judge held in September 2011 that the distributors were independent contractors.  Respondent appealed and, in December 2013, the Unemployment Insurance Appeal Board determined that the distributors were employees.  Mastroianni appeals.

"It is well settled that '[w]hether an employment relationship exists within the meaning of the unemployment insurance law is a question of fact, no one factor is determinative and the determination of the . . . [B]oard, if supported by substantial evidence on the record as a whole, is beyond further judicial review even though there is evidence in the record that would have supported a contrary decision'" (Matter of Empire State Towing & Recovery Assn., Inc. [Commissioner of Labor], 15 NY3d 433, 437 [2010], quoting Matter of Concourse Ophthalmology Assoc. [Roberts], 60 NY2d 734, 736 [1983]).  "'[C]ontrol over the results produced or the means used to achieve those results are pertinent considerations, with the latter being more important'" (Matter of Armison [Gannett Co., Inc.-Commissioner of Labor], 122 AD3d 1101, 1102 [2014], lv dismissed 24 NY3d 1209 [2015], quoting Matter of Automotive Serv. Sys., Inc. [Commissioner of Labor], 56 AD3d 854, 855 [2008]).  "'Incidental control over the results produced – without further evidence of control over the means employed to achieve the results – will not constitute substantial evidence of an employer-employee relationship'" (Matter of Empire State Towing & Recovery Assn., Inc. [Commissioner of Labor], 15 NY3d at 437, quoting Matter of Hertz Corp. [Commissioner of Labor], 2 NY3d 733, 735 [2004]).

Here, a contrary decision could have been made on this record and the fact that the issue is close is reflected by the

_____

[1]  The status of some casual laborers at Mastroianni was also determined, but that is not an issue on appeal.

varying determinations at different levels of agency involvement and review.  Nonetheless, since substantial evidence supports the Board's decision and our review thereof is limited, we are constrained to affirm.  The Board's factual findings included: each of the six distributors were assigned to exclusive geographic areas; routes were not purchased; new distributors were interviewed unless the person was already known by Mastroianni; Mastroianni kept a file on each distributor with personal data, copies of the drivers' licenses and insurance information; Mastroianni set prices at the chain stores that comprised the majority of the distribution and this impacted the compensation that the distributors could earn; the distributors were paid every two weeks based on net sales; the product was available for pick up during a set timeframe; trucks used by some distributors during the relevant time had a Mastroianni logo; Mastroianni would occasionally check the quality of product displays in stores and reserved the right to discipline the distributors for unsatisfactory work; the distributors were required to remove and dispose of stale products so as to maintain Mastroianni's reputation; and Mastorianni controlled the majority of the billing and collection process.  Although proof of factors supportive of independent contractor status was also presented, the record contains substantial evidence supporting the Board's determination (see e.g. Matter of Armison [Gannett Co., Inc.-Commissioner of Labor], 122 AD3d at 1102-1103; Matter of Lombard [Commissioner of Labor], 52 AD3d 981, 982-983 [2008] Matter of Joubert [Clinton Nursery Prods.-Commissioner of Labor], 255 AD2d 719, 720 [1998]; Matter of Santoro [Hartnett], 173 AD2d 1042, 1042-1043 [1991]; Matter of Oakes [Stroehman Bakeries-Roberts], 137 AD2d 927, 928 [1988]).

Reversal is not required based on the 2003 field report that concluded that the distributors were independent contractors and apparently was purged by the Department as part of routine record removal before this matter was concluded.  An administrative board is "required to either follow the relevant precedent established by its prior decision or provide an explanation for its failure to do so" (Matter of Ramadhan v Morgans Hotel Group Mgt., LLC, 91 AD3d 1141, 1142 [2012]).  The 2003 field report was less comprehensive than the 2006 audit, and an initial investigative report by an agency is not binding on

subsequent agency review.  This is not a case of conflicting decisions on the same matter by the Board (see Matter of Viau [New York State Off. of Ct. Admin.-Commissioner of Labor], 125 AD3d 1223, 1227 [2015]; Matter of Ramadhan v Morgans Hotel Group Mgt., LLC, 91 AD3d at 1142).  With respect to the failure to keep the 2003 report, the better practice would have been to preserve it; however, it was apparently purged consistent with the Department's document retention policy, and there is no indication of prejudice under the circumstances (cf. Weiss v Bellevue Maternity Hosp., 121 AD3d 1480, 1481-1482 [2014]).

Garry, Lynch and Clark, JJ., concur.

ORDERED that the decision is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court