*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  November 19, 2015                520922
_____

In the Matter of the Claim of
    ADRIANNE HILLS,
                    Appellant,

        v                                    MEMORANDUM AND ORDER

NEW YORK CITY BOARD OF
    EDUCATION,
                    Respondent.

WORKERS' COMPENSATION BOARD,
                    Respondent.
_____

Calendar Date:  October 20, 2015

Before:  Peters, P.J., Lahtinen, Garry and Clark, JJ.

_____

        Polsky, Shouldice & Rosen, PC, Rockville (Timothy J. Rogers
of counsel), for appellant.

        Zachary W. Carter, Corporation Counsel, New York City (Levi
Grosswald of counsel), for New York City Board of Education,
respondent.

_____

Garry, J.

        Appeal from a decision of the Workers' Compensation Board,
filed July 14, 2014, which, among other things, determined that
the self-insured employer did not have to issue another workers'
compensation benefits check to claimant.

        Claimant suffered a work-related injury to her left wrist
in 2009 and established a claim for workers' compensation
benefits.  She thereafter was found to have suffered a causally-

related 15% schedule loss of use of her left hand.  Based upon this finding, the self-insured employer mailed a check for $4,580.20 to claimant in May 2012.  In August 2012 and October 2012, claimant filed requests for further action, claiming that she had not received the payment.  At a subsequent hearing, the employer presented a cancelled check made out to claimant in the amount of $4,580.20, apparently endorsed by claimant to another individual.  Claimant testified, however, that the signature on the check was not hers and that she did not know anyone by the name to which the check was endorsed.  The Workers' Compensation Law Judge determined, among other things, that once claimant testified that the signature on the check was not hers, the employer had the burden to investigate the matter through its issuing bank.  The employer was directed to issue a new check to claimant and conduct an investigation.  Upon review, the Workers' Compensation Board reversed, concluding, among other things, that by timely mailing the check to claimant at her proper address, the employer was deemed to have paid her and had no obligation to issue another check.  Claimant now appeals.

The Board based its July 2014 decision in this matter on two prior decisions in which it was determined, under similar circumstances, that by timely mailing the payment to the claimant, the employer or workers' compensation carrier was deemed to have paid the claimant, and that there was no authority to require issuance of another check (see Employer: Tuttle Agency, 2011 WL 483282, *1, 2011 NY Wrk Comp LEXIS 00429, *2-*3 [WCB No. G002 9347, Jan. 7, 2011]; Employer: Cap Cities/The Walt Disney Co., 2007 WL 2922772, *1, 2007 NY Wrk Comp LEXIS 08459, *2-*3 [WCB No. 0016 4948, Sept. 28, 2007]).  However, in a January 2014 decision based upon similar circumstances, the Board explicitly rejected the finding in Cap Cities that, by timely mailing the check to that claimant, the carrier should be deemed to have paid the claimant, and the Board directed the carrier to issue a new check (see Employer: 498 Diner Enters. Corp., 2014 WL 571419, *3 [WCB No. G019 3285, Jan. 31, 2014]).  The Board has also previously found, under similar facts, that, despite a timely mailing of the check to a claimant's address by the carrier, "payment is not actually made until the check is received and cashed" (Employer: Palm Gardens Receivership, 2010 WL 3841750, *2, 2010 NY Wrk Comp LEXIS 08180, *4 [WCB 0073 8486,

Sept. 30, 2010]) and that "where a carrier has been given an opportunity to rebut [a] claimant's evidence of non-receipt of payment, and has failed to do so, it is appropriate to direct the carrier to reissue the check" (Employer: Palm Gardens Receivership, 2010 WL 3841750 at *2, 2010 NY Wrk Comp LEXIS 08180 at *5; see Employer: S & H Clinton Assoc., 2011 WL 2329611, *2, 2011 NY Wrk Comp LEXIS 03390, *4 [WCB G000 1755, Jun. 10, 2011]; Employer: Turnabout Food Corp., 2003 WL 2169408, *1, 2003 NY Wrk Comp LEXIS 83192, *2-*3 [WCB 0000 5863, Jun. 9, 2003]).

"While the Board is free to alter a course previously set out in its decisions, it must set forth its reasons for doing so, and the Board's failure to do so renders its decision arbitrary and capricious" (Matter of Catapano v Jaw, Inc., 73 AD3d 1361, 1362 [2010] [citations omitted]; accord Matter of Williams v Lloyd Gunther El. Serv., Inc., 104 AD3d 1013, 1015 [2013]). As the Board did not provide its reasoning for departing from its prior precedent, that part of the decision must be reversed and the matter remitted for further proceedings (see Matter of Williams v Lloyd Gunther El. Serv., Inc., 104 AD3d at 1015; Matter of Ramadhan v Morgans Hotel Group Mgt., LLC, 91 AD3d 1141, 1141-1142 [2012]).

Peters, P.J., Lahtinen and Clark, JJ., concur.

ORDERED that the decision is modified, without costs, by reversing so much thereof as determined that the employer did not have to issue another benefits check related to claimant's schedule loss of use of her left hand; matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court