■ In the Matter of 9215 Realty, LLC, Appellant, v State of New York Division of Housing and Community Renewal et al., Respondents. [25 NYS3d 335]—

In a proceeding pursuant to CPLR article 78 to review a determination of the New York State Division of Housing and Community Renewal dated January 29, 2013, which denied a petition for administrative review and affirmed a Rent Administrator's finding that Nikia Williams was entitled to succession rights to a rent-stabilized apartment, the petitioner appeals from a judgment of the Supreme Court, Kings County (Solomon, J.), dated February 6, 2014, which denied the petition and, in effect, dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

"Judicial review of administrative determinations that were not made after a quasi-judicial hearing is limited to whether the determination was made in violation of lawful procedure, was affected by an error of law, or was arbitrary and capricious or an abuse of discretion" (*Matter of Riverside Tenants Assn. v New York State Div. of Hous. & Community Renewal*, 133 AD3d 764, 766 [2015], citing CPLR 7803 [3]; *see Matter of Murphy v New York State Div. of Hous. & Community Renewal*, 21 NY3d 649, 652 [2013]; *Matter of Sasso v Osgood*, 86 NY2d 374, 384 [1995]; *Matter of Halperin v City of New Rochelle*, 24 AD3d 768, 771 [2005]). "An action is arbitrary and capricious when it is taken without sound basis in reason or regard to the facts" (*Matter of Murphy v New York State Div. of Hous. & Community Renewal*, 21 NY3d at 652 [internal quotation marks omitted]).

Contrary to the petitioner's contention, there was a rational basis for the determination by the New York State Division of Housing and Community Renewal that Nikia Williams was entitled to succession rights to a rent-stabilized apartment leased to her mother as the tenant of record. Williams submitted ample documentation to substantiate her claim that she resided with her mother in the subject apartment as their primary residence for a period of no less than two years prior

to her mother's death, thereby entitling Williams to succession rights under Rent Stabilization Code (9 NYCRR) § 2523.5 (b) (1). Since this determination was not arbitrary and capricious, the Supreme Court properly denied the petition challenging the determination and, in effect, dismissed the proceeding. Balkin, J.P., Dickerson, Miller and Hinds-Radix, JJ., concur.