*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  February 18, 2016                    520654
_____

In the Matter of the Claim of
    JAMES ZAREMSKI,
                    Appellant,

        v
                                          MEMORANDUM AND ORDER
NEW VISIONS et al.,
                    Respondents.

WORKERS' COMPENSATION BOARD,
                    Respondent.
_____

Calendar Date:  January 13, 2016

Before:  Peters, P.J., Garry, Egan Jr., Rose and Clark, JJ.

                      _____


        Buckley, Mendleson, Criscione & Quinn, PC, Albany (Rebeccah
W. Kane of counsel), for appellant.

        Sullivan Keenan Oliver & Violando, LLP, Albany (Ashley M.
Hart of counsel), for Travelers Insurance, respondent.

                      _____


Peters, P.J.

        Appeal from a decision of the Workers' Compensation Board,
filed May 12, 2014, which ruled that claimant was not entitled to
an award of reduced earnings subsequent to January 22, 2013.

        In January 2012, claimant suffered an injury to his lower
back during the course of his employment as a general maintenance
repairperson for the employer and did not return to that
employment.  At the time of his injury, claimant was also solely
operating a self-owned appliance repair business and, in June
2012, he resumed operating that business on a part-time basis but

with physical restrictions. His claim for workers' compensation benefits was established in December 2012, and, following a hearing on the issue of reduced earning benefits, a Workers' Compensation Law Judge found that claimant was entitled to tentative reduced earnings of $300 per week based upon the difference between his average weekly wage from his employment as a general maintenance repairperson and his weekly earnings subsequent to his return to work at his self-employment business. Upon review, the Workers' Compensation Board modified that decision and ruled that claimant had no compensable claim for reduced earnings after January 22, 2013. Claimant appeals, and we reverse.

A decision of the Board will be deemed arbitrary "if it departs from prior Board precedent and fails to explain the reasons for its departure" (Matter of Dicob v AMF Bowling, Inc., 77 AD3d 1034, 1036 [2010] [internal quotation marks and citation omitted]; see Matter of Charles A. Field Delivery Serv. [Roberts], 66 NY2d 516, 520 [1985]; Matter of Winters v Advance Auto Parts, 119 AD3d 1041, 1042 [2014]). The Board has previously determined that, although wages from a noncovered concurrent employment cannot be included in the calculation of a claimant's average weekly wage pursuant to Workers' Compensation Law § 14 (6), such wages must be taken into account when computing a claimant's reduced earnings under Workers' Compensation Law § 15 (5-a) (see Employer: NYC Bd. of Educ., 2005 WL 3087684, *2, 2005 NY Wrk Comp LEXIS 9711, *4 [WCB No. 0031 7094, Nov. 4, 2005]; Employer: Genesee Region Home Care, 2004 WL 2107404, *2, 2004 NY Wrk Comp LEXIS 13982, *4-5 [WCB No. 7011 3900, Sept. 17, 2004]). Here, contrary to such precedent, the Board concluded that because claimant's self-employment did not qualify as concurrent employment to increase his average weekly wage,[1] the earnings from his self-employment could not be considered in determining claimant's reduced earnings. Inasmuch as the Board failed to explain its departure from prior Board

---

[1] Claimant conceded, both before the Board and on this appeal, that his self-employment did not constitute "covered" concurrent employment within the meaning of Workers' Compensation Law § 14 (6). Accordingly, we do not address that issue.

precedent, the decision must be reversed and the matter remitted for further proceedings (see Matter of Charles A. Field Delivery Serv. [Roberts], 66 NY2d at 520; Matter of Hills v New York City Bd. of Educ., 133 AD3d 1079, 1081 [2015]; Matter of Ramadhan v Morgans Hotel Group Mgt., LLC, 91 AD3d 1141, 1141-1142 [2012]).

In light of our determination, we need not address the parties' remaining arguments.

Garry, Egan Jr., Rose and Clark, JJ., concur.

ORDERED that the decision is reversed, with costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.

ENTER:

Robert D. Mayberger
Clerk of the Court