■ In the Matter of 107-10 SHOREFRONT REALTY, LLC, Appellant, v DIVISION OF HOUSING AND COMMUNITY RENEWAL et al., Respondents. [34 NYS3d 152]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Deputy Commissioner of the New York State Division of Housing and Community Renewal dated June

6, 2011, which denied a petition for administrative review and confirmed a determination of the Rent Administrator dated November 20, 2009, finding that the petitioner had increased the rent for the parking space rented by George Neilson in excess of the legal maximum, the petitioner appeals, as limited by its brief, from so much of an order and judgment (one paper) of the Supreme Court, Queens County (Dufficy, J.), dated March 30, 2012, as denied the petition and dismissed the proceeding.

Ordered that the order and judgment is affirmed insofar as appealed from, with costs payable by the appellant to the respondent Division of Housing and Community Renewal.

The respondent George Neilson, a tenant in a rent-stabilized apartment in a building owned by the petitioner, filed an administrative complaint alleging that the petitioner had increased the rent for his parking space in excess of the legal maximum upon the renewal of his lease. The Rent Administrator of the New York State Division of Housing and Community Renewal (hereinafter the DHCR) determined that the increase was in excess of the legal maximum. The petitioner then filed a petition for administrative review, and the Deputy Commissioner of the DHCR denied the petition and confirmed the Rent Administrator's determination. The petitioner thereafter commenced this CPLR article 78 proceeding seeking review of the Deputy Commissioner's determination. The Supreme Court denied the petition and dismissed the proceeding on the ground, inter alia, that the determination was not arbitrary and capricious or contrary to law. The petitioner appeals.

Judicial review of an administrative determination not made after a quasi-judicial hearing is limited to whether the determination was made in violation of lawful procedure, was affected by an error of law, or was arbitrary and capricious or an abuse of discretion (*see* CPLR 7803 [3]; *Matter of 9215 Realty, LLC v State of N.Y. Div. of Hous. & Community Renewal*, 136 AD3d 925 [2016]; *Matter of Riverside Tenants Assn. v New York State Div. of Hous. & Community Renewal*, 133 AD3d 764, 766 [2015]). "The DHCR's interpretation of the statutes and regulations it administers, if reasonable, must be upheld" (*Matter of Riverside Tenants Assn. v New York State Div. of Hous. & Community Renewal*, 133 AD3d at 766 [internal quotation marks omitted]; *see Matter of Terrace Ct., LLC v New York State Div. of Hous. & Community Renewal*, 18 NY3d 446, 454 [2012]; *Matter of IG Second Generation Partners L.P. v New York State Div. of Hous. & Community Renewal, Off. of Rent Admin.*, 10 NY3d 474, 481 [2008]; *Matter of Velasquez v*

*New York State Div. of Hous. & Community Renewal*, 130 AD3d 1045, 1047 [2015]).

Here, as the Supreme Court correctly concluded, the determination that the petitioner had increased the rent for Neilson's parking space in excess of the legal maximum upon the renewal of his lease was not affected by an error of law, arbitrary and capricious, or an abuse of discretion. Accordingly, the Supreme Court properly denied the petition and dismissed the proceeding.

The parties' remaining contentions either are without merit or need not be reached in light of our determination. Rivera, J.P., Roman, Maltese and Duffy, JJ., concur.