■ In the Matter of LONDON LEASING LIMITED PARTNERSHIP, Appellant, v DIVISION OF HOUSING AND COMMUNITY RENEWAL, Respondent. [60 NYS3d 285]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Deputy Commissioner of the New York State Division of Housing and Community Renewal dated December 31, 2014, which confirmed a determination of the Rent Administrator dated January 7, 2010, disallowing certain costs claimed by the petitioner in connection with its application for a major capital improvement rent increase, the petitioner appeals from a judgment of the Supreme Court, Queens County (Raffaele, J.), entered July 7, 2015, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

In April 2009, the petitioner, which owns an apartment build-

ing in Flushing subject to rent regulation, applied to the New York State Division of Housing and Community Renewal (hereinafter the DHCR) for a major capital improvement (hereinafter MCI) rent increase following the upgrade of three elevators in the building, which cost $832,012. On January 7, 2010, the Rent Administrator determined that the upgrade of the elevators constituted an MCI, but excluded certain costs and reduced the approved costs of the MCI to $705,000. The petitioner filed a petition for administrative review (hereinafter PAR), asserting, inter alia, that the Rent Administrator erred in determining that the excluded costs were not MCI eligible. On July 23, 2010, the Deputy Commissioner for the DHCR denied the PAR and confirmed the Rent Administrator's determination.

The petitioner commenced a proceeding pursuant to CPLR article 78 to review the Deputy Commissioner's determination. By judgment entered January 26, 2011, the Supreme Court denied the petition and dismissed the proceeding. The petitioner appealed. In a decision and order dated August 22, 2012, this Court, among other things, reversed the judgment and granted the petition to the extent of annulling the Deputy Commissioner's determination dated July 23, 2010, denying the PAR and confirming the Rent Administrator's determination. The matter was remitted to the DHCR for further proceedings to provide the petitioner with an opportunity to submit further clarification as to the costs which were disallowed by the Rent Administrator, and for a new determination thereafter of the PAR, upon due consideration of any submissions by the petitioner (see Matter of London Leasing Ltd. Partnership v Division of Hous. & Community Renewal, 98 AD3d 668 [2012]). This Court held, inter alia, that it was arbitrary and capricious for the Rent Administrator to have excluded the costs without providing the petitioner with a final opportunity to establish that those costs were related to the MCI (see id. at 671).

On April 26, 2013, the Deputy Commissioner, after reviewing the additional documentation submitted by the petitioner, denied the PAR and confirmed the Rent Administrator's determination, finding that "filing and inspection fees" of $15,000 and "administrative costs" of $112,012 were not MCI eligible. The petitioner commenced a second proceeding pursuant to CPLR article 78, asserting that the Deputy Commissioner's April 26, 2013, determination regarding the exclusion of "administrative costs" in the amount of $112,012 was inconsistent with prior DHCR determinations. The petitioner did not challenge the exclusion of "filing and inspection fees" in the amount of $15,000 from the MCI rent increase calculation. By

judgment entered December 18, 2013, the Supreme Court granted the petition to the extent of annulling so much of the Deputy Commissioner's April 26, 2013, determination as found that the "administrative costs" were not MCI eligible and remitted the matter for an explanation as to whether the instant case was distinguishable from prior DHCR determinations.

On December 31, 2014, the Deputy Commissioner, after explaining that the instant case was factually distinguishable from prior DHCR determinations cited by the petitioner, denied the PAR and confirmed the Rent Administrator's determination. The Deputy Commissioner explained that the MCI eligible costs in the prior determinations cited by the petitioner were for professional service fees (i.e., architect and engineer fees), whereas the excluded costs in the instant case were for "administrative costs" of the contractor. The Deputy Commissioner noted that it was long-standing DHCR policy to exclude such "administrative costs" from MCI rent increase calculations. The petitioner commenced the instant (third) proceeding pursuant to CPLR article 78 to review the December 31, 2014, determination of the Deputy Commissioner. In the judgment appealed from, the Supreme Court denied the petition and dismissed the proceeding.

In this proceeding, in which the petitioner challenges an agency determination that was not made after a quasi-judicial hearing, the court must consider whether the determination was made in violation of lawful procedure, was affected by an error of law, or was arbitrary and capricious or an abuse of discretion (see CPLR 7803 [3]; *Matter of 107-10 Shorefront Realty, LLC v Division of Hous. & Community Renewal*, 140 AD3d 1071, 1072 [2016]; *Matter of 9215 Realty, LLC v State of N.Y. Div. of Hous. & Community Renewal*, 136 AD3d 925, 925 [2016]; *Matter of Velasquez v New York State Div. of Hous. & Community Renewal*, 130 AD3d 1045, 1046 [2015]). An administrative agency's determination is arbitrary and capricious when it " 'neither adheres to its own prior precedent nor indicates its reason for reaching a different result on essentially the same facts' " (*Matter of Lantry v State of New York*, 6 NY3d 49, 58 [2005], quoting *Matter of Charles A. Field Delivery Serv. [Roberts]*, 66 NY2d 516, 517 [1985]).

The petitioner contends that the issue as to whether the DHCR's determination adheres to its prior precedent was litigated and decided against the DHCR in the second proceeding, and thus, the doctrine of collateral estoppel precludes the DHCR from relitigating that issue in the instant proceeding. Contrary to the petitioner's contention, the doctrine does not

apply. "Collateral estoppel, or issue preclusion, precludes a party from relitigating in a subsequent action or proceeding an issue [that was] raised in a prior action or proceeding and decided against that party" or those in privity (*see Parker v Blauvelt Volunteer Fire Co.*, 93 NY2d 343, 349 [1999] [internal quotation marks omitted]; *Ryan v New York Tel. Co.*, 62 NY2d 494, 500 [1984]). Here, in the second proceeding pursuant to CPLR article 78, although the petitioner asserted that the DHCR's determination was inconsistent with its prior precedent, that issue was not determined adversely to the DHCR. Rather, the Supreme Court, in its judgment entered December 18, 2013, annulled so much of the DHCR's determination as found that the "administrative costs" were not MCI eligible and remitted the matter on the ground that the DHCR had failed to give an explanation as to whether its exclusion of those costs was distinguishable from prior DHCR determinations (*see Knight v Amelkin*, 68 NY2d 975, 978 [1986]; *Matter of Charles A. Field Delivery Serv. [Roberts]*, 66 NY2d at 520; *Matter of Zaremski v New Visions*, 136 AD3d 1176 [2016]; *Matter of Hills v New York City Bd. of Educ.*, 133 AD3d 1079, 1081 [2015]; *Matter of Ramadhan v Morgans Hotel Group Mgt., LLC*, 91 AD3d 1141, 1142 [2012]). Since the issue was not decided against the DHCR, the doctrine of collateral estoppel does not bar a determination that the instant case is distinguishable from past precedent such that the "administrative costs" here were not MCI eligible (*see Parker v Blauvelt Volunteer Fire Co.*, 93 NY2d at 349; *Melendez v McCrowell*, 139 AD3d 1018, 1020 [2016]; *cf. Matter of Trump Vil. Apts. One Owner v New York State Div. of Hous. & Community Renewal*, 143 AD3d 996, 999 [2016]).

Moreover, the Deputy Commissioner sufficiently explained in the December 31, 2014, determination that the prior DHCR decisions cited by the petitioner were based on facts distinguishable from those present in the instant case. Thus, the Deputy Commissioner's December 31, 2014, determination was not arbitrary and capricious or irrational on the ground of inconsistent application (*see Matter of Wilson v Iwanowicz*, 97 AD3d 595, 596 [2012]; *Matter of Clinton Mews Owners Corp. v New York City Water Bd.*, 62 AD3d 872, 874 [2009]).

The petitioner's remaining contention is without merit.

Accordingly, the Supreme Court properly denied the petition and dismissed the proceeding. Mastro, J.P., Rivera, Hall and Maltese, JJ., concur.