Matter of Delk v Orange & Rockland (2021 NY Slip Op 00604)





Matter of Delk v Orange & Rockland


2021 NY Slip Op 00604


Decided on February 4, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 4, 2021

530581

[*1]In the Matter of the Claim of Michael Delk, Appellant,
v
Orange & Rockland et al., Respondents. Workers' Compensation Board, Respondent.

Calendar Date: January 14, 2021

Before: Garry, P.J., Lynch, Clark, Aarons and Colangelo, JJ.


Pasternack Tilker Ziegler Walsh Stanton & Romano LLP, New Windsor (Richard T. Cahill Jr. of counsel), for appellant.
Habberfield Kaszycki LLP, Buffalo (Michael J. Menchini of counsel), for Orange & Rockland and another, respondents.



Colangelo, J.
Appeal from a decision of the Workers' Compensation Board, filed May 9, 2019, which ruled that claimant was not entitled to an award of benefits for the period of June 1, 2016 to November 9, 2018.
Claimant established a claim for workers' compensation benefits resulting from a work-related injury to his back in 1998. In 2007, the employer's workers' compensation carrier was discharged from liability and liability was transferred to the Special Fund for Reopened Cases pursuant to Workers' Compensation Law § 25-a. Claimant continued working until he retired on June 1, 2016, alleging that his retirement was causally related to his 1998 injury. In January 2017, a hearing was held on the claim to address this issue and permanency. Claimant presented a February 2016 medical report from his chiropractor that found a permanent partial disability and indicated that claimant could not perform his work duties. Claimant testified that he retired due to his inability to perform his job duties due to his work-related injury, and the Special Fund raised the issue of labor market attachment.
In a decision filed March 24, 2017, a Workers' Compensation Law Judge (hereinafter WCLJ) found that claimant has a permanent partial disability with a 50% loss of wage-earning capacity, and that claimant had involuntarily retired. The WCLJ awarded claimant benefits at the temporary partial disability rate from June 1, 2016 to March 20, 2017 and at the assigned permanent partial disability rate going forward. The WCLJ further found, however, that claimant was also required to provide evidence of labor market attachment and directed claimant to produce such evidence within 90 days. The Special Fund appealed the WCLJ's decision, requesting that the direction of awards be rescinded pending development of the record regarding labor market attachment. Claimant opposed arguing, among other things, that, based upon the recent April 2017 amendment to Workers' Compensation Law § 15 (3) (w), he was not required to demonstrate an attachment to the labor market. In a decision filed October 27, 2017, the Workers' Compensation Board modified the WCLJ's decision, finding that the awards directed after June 1, 2016 were rescinded and the case was remanded to the WCLJ for further development of the record and a determination regarding claimant's labor market attachment and entitlement to awards.[FN1]
At a hearing held on September 5, 2018, claimant reiterated his argument that he was not required to demonstrate labor market attachment and requested that the awards be reinstated. The WCLJ denied the request, directed claimant to produce evidence of labor market attachment and continued the case. Following a November 9, 2018 hearing, at which claimant again argued that he was not required to demonstrate labor market attachment and admitted that he had not engaged in any job search, the WCLJ found that claimant had not shown any attachment to the labor market and, therefore, was not [*2]entitled to any awards from June 1, 2016 to November 9, 2018. On appeal, the Board affirmed, finding no compensable lost time based upon claimant's failure to demonstrate labor market attachment. Claimant appeals.
"A claimant who suffers a permanent partial disability — meaning the claimant is rendered less than totally disabled — 'may receive a reduced earnings award' under Workers' Compensation Law § 15 (3) (w) if the claimant 'demonstrates that [his or her] reduced earnings are related to the partial disability'" (Matter of O'Donnell v Erie County, 35 NY3d 14, 18-19 [2020] [brackets omitted], quoting Burns v Varriale, 9 NY3d 207, 216 [2007]). "[T]he Board must find that the reduction in income is due to the disability and not to an unwillingness to work again" and "the claimant is entitled to a statutory award upon proving that there exists a causal link between the claimant's disability and reduced earning capacity" (Matter of O'Donnell v Erie County, 35 NY3d at 19 [internal quotation marks and citation omitted]; see Matter of Zamora v New York Neurologic Assoc., 19 NY3d 186, 191 [2012]; Burns v Varriale, 9 NY3d at 216). "[A] central question for the Board to resolve, before awarding wage replacement benefits in a nonschedule permanent partial disability case, is whether a claimant has maintained a sufficient attachment to the labor market, meaning that the claimant is willing to do work consistent with the claimant's physical limitations" (Matter of O'Donnell v Erie County, 35 NY3d at 19-20 [internal quotation marks, brackets and citations omitted]; see Matter of Zamora v New York Neurologic Assoc., 19 NY3d at 191; Burns v Varriale, 9 NY3d at 216).
Claimant initially contends that the 2017 amendment to Workers' Compensation Law § 15 (3) (w) obviates his need to demonstrate an attachment to the labor market. We disagree. "Workers' Compensation Law § 15 (3) (w) was amended, effective April 10, 2017 (L 2017, ch 59, § 1, part NNN, § 1, subpart A, § 1) to provide, in relevant part, that, in certain cases of permanent partial disability, 'compensation . . . shall be payable during the continuance of such permanent partial disability, without the necessity for the claimant who is entitled to benefits at the time of classification to demonstrate ongoing attachment to the labor market'" (Matter of Ireland v Cattaraugus County Dept. of Nursing Homes-Olean Pines, 182 AD3d 956, 957 [2020] [brackets omitted]; see Matter of O'Donnell v Erie County, 35 NY3d at 18-19). As determined by the Court of Appeals, the references in the amendment to the "continuance" of the disability and "ongoing" labor market attachment (Workers' Compensation Law § 15 [3] [w]) make it clear that the amendment addresses labor market attachment during the period following a claimant's classification, but does not overrule the requirement that a claimant must show attachment to the labor market at the time of classification (see Matter of O'Donnell v Erie County, 35 NY3d at [*3]21). Accordingly, the 2017 amendment to Workers' Compensation Law § 15 (3) did not obviate claimant's burden to demonstrate labor market attachment at the time of his classification (see id.).
Claimant also argues that the Board erred by not drawing an inference that his reduced future earnings resulted from his disability and not from an unwillingness to work (see Matter of Zamora v New York Neurologic Assoc., 19 NY3d at 191-192; Burns v Varriale, 9 NY3d at 216). When, as here, the Board finds that a claimant classified with a permanent partial disability has involuntarily retired from his or her job due to the disability, it may also infer "that the claimant's reduced future earnings resulted from the disability rather than from unwillingness to work" (Matter of O'Donnell v Erie County, 35 NY3d at 20; see Matter of Zamora v New York Neurologic Assoc., 19 NY3d at 191-192; Burns v Varriale, 9 NY3d at 216).[FN2] Such an inference, however, "is merely permissible and not an entitlement or a presumption" (Matter of Marcy v City of Albany Fire Dept., 175 AD3d 765, 767 [2019]; see Matter of Zamora v New York Neurologic Assoc., 19 NY3d at 192; Matter of Wallace v Don Sebastiani & Sons, 182 AD3d 879, 881 [2020]), and the burden remains on the claimant to demonstrate that his or her reduced earnings is due to the disability and not unrelated factors (see Matter of Zamora v New York Neurologic Assoc., 19 NY3d at 192; Matter of Wallace v Don Sebastiani & Sons, 182 AD3d at 881). Here, the Board acknowledged its authority to make the inference, as well as claimant's burden to establish a causal relationship between his reduced earnings and his disability, and declined to draw the inference. Inasmuch as the inference is merely permitted, and not required, we cannot conclude, under these circumstances, that the Board erred in finding that the inference was unwarranted here (see Matter of Wallace v Don Sebastiani & Sons, 182 AD3d at 882-883).
Claimant further alleges that the Board did not follow its precedent in finding that, due to his failure to show labor market attachment, he had no compensable lost time from June 16, 2016 to January 26, 2017. The Board has previously held that findings regarding labor market attachment are limited to the period subsequent to the date when the issue was first raised by the workers' compensation carrier (see Matter of Scott v Rochester City Sch. Dist., 125 AD3d 1083, 1084 [2015]; Employer: Arcadia Management Inc., 2018 WL 2752761, *5, 2018 NY Wrk Comp LEXIS 05044, *12-13 [WCB No. G192 0760, May 31, 2018]; Employer: New York State Police, 2012 WL 5816563, *4, 2012 NY Wrk Comp LEXIS 12171, *10 [WCB No. 0991 8589, Nov. 14, 2012]; Employer: Alliance Carpet and Tiles, 2009 WL 1009404, *3, 2009 NY Wrk Comp LEXIS 07100, *6-7 [WCB No. 0976 1710, Apr. 1, 2009]). Although the record reflects that the Special Fund first raised labor market attachment during the January 26, 2017 hearing, the Board found no compensable time from June [*4]1, 2016 to November 9, 2018 based upon a lack of proof of labor market attachment. "While the Board is free to alter a course previously set out in its decisions, it must set forth its reasons for doing so, and the Board's failure to do so renders its decision arbitrary and capricious" (Matter of Catapano v Jaw, Inc., 73 AD3d 1361, 1362 [2010] [citations omitted]; see Matter of Zaremski v New Visions, 136 AD3d 1176, 1178 [2016]). Inasmuch as the Board did not explain its departure from prior precedent in finding that claimant was not entitled to awards from June 1, 2016 to January 26, 2017, that part of the decision must be reversed and the matter remitted for further proceedings (see Matter of Hills v New York City Bd. of Educ. 133 AD3d 1079, 1081 [2015]). Claimant's remaining contentions have been reviewed and found to be unavailing.
Garry, P.J., Lynch, Clark and Aarons, JJ., concur.
ORDERED that the decision is modified, without costs, by reversing so much thereof as found that claimant has no compensable lost time for the time period of June 1, 2016 to January 26, 2017; matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.



Footnotes

Footnote 1: The Special Fund did not contest the WCLJ's findings of a permanent partial disability and involuntary retirement on its appeal of the WCLJ's March 24, 2017 decision, and the Board did not disturb those findings.

Footnote 2: If the Board declines to make the inference, a claimant may still demonstrate that his or her reduced earnings resulted from the disability and not an unwillingness to work by, for example, "finding alternative work consistent with the claimant's limitations, or at least showing reasonable efforts at finding such work" (Matter of O'Donnell v Erie County, 35 NY3d at 20 [internal quotation marks, brackets and citation omitted]; see Matter of Zamora v New York Neurologic Assoc., 19 NY3d at 191).