People v DR 226 Holdings, LLC (2021 NY Slip Op 08238)





People v DR 226 Holdings, LLC


2021 NY Slip Op 08238


Decided on March 17, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 17, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

2018-08196
 (Index No. 8569/10)
[*1]NYCTL 1998-2 Trust, etc., plaintiff, v
v
DR 226 Holdings,
LLC, et al., defendants, Warren Johnson, respondent; Adam
Plotch, intervenor; AdelphiF, LLC, nonparty-appellant.
 
 
Stern & Stern, Brooklyn, NY (David Lyle Stern and Pamela Smith of counsel), for nonparty-appellant.
Brooklyn Legal Services, Brooklyn, NY (Joshua Elmore of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a tax lien, nonparty AdelphiF, LLC, appeals from an order of the Supreme Court, Kings County (Wayne Saitta, J.), dated April 25, 2018. The order, after a hearing, denied the motion of nonparty AdelphiF, LLC, pursuant to RPAPL 221 for a writ of assistance to put it into possession of a certain apartment unit and determined that the defendant Warren Johnson had succession rights to the rent-stabilized apartment.
ORDERED that the order is affirmed, with costs.
The underlying facts are recited in this Court's decision and order on a related appeal from an order dated June 8, 2017 (NYCTL 1998-2 Trust v DR 226 Holdings, LLC, ___ AD3d ___ [Appellate Division Docket No. 2017-09013; decided herewith]).
The June 8, 2017 order, in addition to granting the motion of the defendant Warren Johnson (hereinafter the defendant) to vacate a prior order, also scheduled an evidentiary hearing on the appellant's original motion for a writ of assistance to put it into possession of the subject apartment unit in which the defendant was residing. At that hearing, the defendant testified that in 1980, he moved into the apartment with his mother, Tallulah Evans Cooke, his sister, and his grandmother. The defendant testified that he moved away in 1993, but returned and moved back into the apartment in 1996. The defendant submitted documentary evidence, including Board of Elections records, demonstrating that he lived at the apartment continuously since 1996. The Board of Elections records also showed that Evans Cooke listed the apartment as her residence from 1996 to November 2004. Furthermore, utility bills submitted by the defendant were in both his and his mother's names. The defendant's sister, Sidnie Johnson, testified and confirmed that the defendant lived with Evans Cooke from 1996 until Evans Cooke moved out of the apartment in 2002. Sidnie Johnson stated that Evans Cooke died on February 2, 2006.
In opposition, the appellant submitted the records of housing court cases brought against Evans Cooke in 2002 and 2003. The stipulation of settlement for the 2003 case indicated that the landlord tendered a new lease to Evans Cooke effective February 1, 2004. Evans Cooke also signed an affidavit dated August 26, 2003, representing that she still lived in the apartment.
In the order appealed from, the Supreme Court denied the appellant's motion for a writ of assistance, finding that the defendant had sustained his burden of proving succession rights [*2]to the rent-stabilized apartment.
"'In reviewing a determination made after a nonjury trial, this Court's power is as broad as that of the trial court, and it may render the judgment it finds warranted by the facts, taking into account that in a close case the trial court had the advantage of seeing and hearing the witnesses'" (Quadrozzi v Estate of Quadrozzi, 99 AD3d 688, 691, quoting BRK Props., Inc. v Wagner Ziv Plumbing & Heating Corp., 89 AD3d 883, 884; see Atlantic Shores Bldrs & Devs., Inc. v Federico, 174 AD3d 843).
In order to establish succession rights to a rent-stabilized apartment, a party alleging entitlement to such rights must substantiate a claim that he or she resided with the tenant of record, with whom he shares a specified relationship, in the subject apartment as their primary residence for a period of no less than two years prior to the tenant of record's surrender of his or her own tenancy rights (see 9 NYCRR 2523.5[b][1]; Matter of 9215 Realty, LLC v State of N.Y. Div. of Hous. & Community Renewal, 136 AD3d 925, 925-926). It is the burden of the party claiming such rights to establish entitlement to succession rights in a family member's apartment (see Matter of Hochhauser v City of N.Y. Dept. of Hous. Preserv. & Dev., 48 AD3d 288, 289).
The Supreme Court properly determined that the defendant sustained his burden of demonstrating that he had succession rights to the apartment. The evidence submitted by the defendant demonstrated that he resided with Evans Cooke, the tenant of record, for two years prior to her departure from the apartment. The evidence submitted by the appellant, while raising an issue of fact as to precisely when Evans Cooke moved out of the apartment, failed to raise an issue of fact as to whether the defendant resided with Evans Cooke for two years prior to her departure. The evidence of the defendant's residence in the apartment is uncontradicted and demonstrated that he resided in the apartment continuously since 1996.
The appellant's remaining contentions are without merit.
DILLON, J.P., LASALLE, CONNOLLY and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court