Matter of Faisca v New York City Tr. Auth. (2023 NY Slip Op 06418)

Matter of Faisca v New York City Tr. Auth.

2023 NY Slip Op 06418

Decided on December 14, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:December 14, 2023

535825
[*1]In the Matter of the Claim of Jerry Faisca, Appellant,
v
New York City Transit Authority, Respondent. Workers' Compensation Board, Respondent.

Calendar Date:November 13, 2023

Before:Lynch, J.P., Clark, Ceresia, Fisher and Mackey, JJ.

Grey & Grey, LLP, Farmingdale (Robert E. Grey of counsel), for appellant.
Foley, Smit, O'Boyle & Weisman, Hauppauge (Theresa E. Wolinski of counsel), for New York City Transit Authority, respondent.
Letitia James, Attorney General, New York City (Nina M. Sas of counsel), for Workers' Compensation Board, respondent.

Mackey, J.
Appeal from a decision of the Workers' Compensation Board, filed July 5, 2022, which, among other things, ruled that claimant is unattached to the labor market.
Claimant, a bus driver, established a workers' compensation claim for a repetitive stress injury to his neck stemming from a February 19, 2019 accident and was awarded indemnity benefits for the temporary total disability from February 21, 2019 through January 7, 2020. The claim was subsequently amended to include a right shoulder injury. Claimant retired from his job on June 1, 2020. In January 2022, a hearing was held to address permanency, voluntary retirement, loss of wage-earning capacity and labor market attachment. At the conclusion of that hearing, a Workers' Compensation Law Judge (hereinafter WCLJ), among other things, classified claimant with a nonschedule permanent partial disability with a cervical spine condition of E severity and ruled that claimant has a 70% loss of wage earning capacity, that his retirement was involuntary as it was partially based upon his neck injury, that he sufficiently established his attachment to the labor market and awarded claimant benefits as of January 3, 2022 (the date of the hearing) and continuing. On administrative appeal, the Workers' Compensation Board, in a July 5, 2022 decision, found that claimant did not sufficiently document and/or demonstrate attachment to the labor market and, therefore, modified the WCLJ's decision by rescinding the indemnity benefits awarded subsequent to January 3, 2022. Claimant appeals.
Claimant contends that the Board erred in requiring that he submit evidence of his search for alternative employment and demonstrate his attachment to the labor market. "A claimant who suffers a permanent partial disability — meaning the claimant is rendered less than totally disabled — 'may receive a reduced earnings award' under Workers' Compensation Law § 15 (3) (w) if the claimant 'demonstrates that their reduced earnings are related to the partial disability' " (Matter of O'Donnell v Erie County, 35 NY3d 14, 19 [2020] [brackets omitted], quoting Burns v Varriale, 9 NY3d 207, 216 [2007]; accord Matter of Delk v Orange & Rockland, 191 AD3d 1067, 1069 [3d Dept 2021]). "If the Board determines that a workers' compensation claimant has a permanent partial disability and that the claimant retired from his or her job due to that disability, an inference that his or her reduced future earnings resulted from the disability may be drawn" (Matter of Zamora v New York Neurologic Assoc., 19 NY3d 186, 191 [2012] [internal quotation marks, emphasis and citation omitted]). "Such an inference, however, is merely permissible and not an entitlement or a presumption, and the burden remains on the claimant to demonstrate that his or her reduced earnings are due to the disability and not unrelated factors" (Matter of Vankoevering v New York State Canal Corp., 211 AD3d 1301, 1304 [3d Dept 2022] [internal quotation marks, brackets and citations omitted[*2]]; see Matter of Wallace v Don Sebastiani & Sons, 182 AD3d 879, 881 [3d Dept 2020]).
Initially, contrary to claimant's contention, attachment to the labor market was raised prior to the permanency hearing, specifically at the October 18, 2021 appearance. Claimant made no objection and thereafter filed his job search form with the Board. Further, although during closing arguments claimant's counsel requested that, if claimant were found to have involuntarily retired, the inference be applied, claimant asserted on administrative review that the WCLJ properly rendered a decision on labor market attachment. In any event, as noted above, application of the inference that claimant's reduced earnings are causally-related to his disability based upon his permanent partial disability is permissible, not required (see Matter of Vankoevering v New York State Canal Corp., 211 AD3d at 1304; Matter of Delk v Orange & Rockland, 191 AD3d at 1070). The Board here implicitly declined to draw the inference, noting that the medical evidence established that claimant, although disabled from his prior employment, was capable of sedentary work. In finding that claimant did not engage in a diligent and sufficient job search to establish attachment to the labor market, the Board noted that claimant applied for six out of the eight employment positions on December 25, 2021 and that, although he contacted a job service center shortly before the permanency hearing, there was no evidence that claimant submitted a resume or had any further contact with the job service center. As substantial evidence supports the Board's finding that claimant did not establish a good faith and diligent job search, its finding that claimant was not attached to the labor market will not be disturbed (see Matter of King v Riccelli Enters., 156 AD3d 1095, 1098 [3d Dept 2017]).
Nor are we persuaded by claimant's contention that the 2017 amendment to Workers' Compensation Law § 15 (3) (w) obviates his obligation to demonstrate attachment to the labor market at the time of classification. The Court of Appeals has made clear that the amendment to Workers' Compensation Law § 15 (3) (w) does not require a showing of labor market attachment during the period following a claimant's classification, but does not overrule the requirement that a claimant must show attachment to the labor market at the time of classification (see Matter of O'Donnell v Erie County, 35 NY3d at 21; see also Matter of Delk v Orange & Rockland, 191 AD3d at 1069-1070). As such, it remained claimant's burden to demonstrate labor market attachment at the time of classification (see Matter of Delk v Orange & Rockland, 191 AD3d at 1070).
Claimant contends that the Board, upon finding that he involuntarily retired, is obligated to set forth whether the inference of causally-related wage loss is applicable, and not automatically apply an "administrative policy" that purportedly precludes application of such inference when the employer raises [*3]an issue of labor market attachment, as such policy amounts to unconstitutional rulemaking. These issues were not raised in the administrative proceeding nor does the record reflect that claimant sought full Board review and/or reconsideration of the Board's decision based on such contentions. As these issues were not put before the Board, we find, notwithstanding claimant's contention to the contrary, that they are not preserved for this Court's review on appeal (see Matter of Muller v Square Deal Machining, Inc., 183 AD3d 992, 993 [3d Dept 2020], appeal dismissed 35 NY3d 1100 [2020], lv denied 36 NY3d 909 [2021]; Matter of Murrah v Jain Irrigation, Inc., 157 AD3d 1088, 1089 [3d Dept 2018]).
Lynch, J.P., Clark, Ceresia and Fisher, JJ., concur.
ORDERED that the decision is affirmed, without costs.