Matter of Ryan v City of Albany Water Dept. (2025 NY Slip Op 06951)

Matter of Ryan v City of Albany Water Dept.

2025 NY Slip Op 06951

Decided on December 11, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:December 11, 2025

CV-25-0250
[*1]In the Matter of the Claim of Alex Ryan, Appellant,
v
City of Albany Water Department et al., Respondents. Workers' Compensation Board, Respondent.

Calendar Date:November 18, 2025

Before:Reynolds Fitzgerald, J.P., Lynch, Ceresia, Fisher and McShan, JJ.

Buckley, Mendleson, Criscione & Quinn, PC, Albany (Brendan G. Quinn of counsel), for appellant.
Manes and Manes, LLP, Armonk (Mathew T. Keller of counsel), for City of Albany Water Department and another, respondents.

Lynch, J.
Appeal from a decision of the Workers' Compensation Board, filed December 13, 2024, which ruled, among other things, that claimant was required to demonstrate an ongoing attachment to the labor market and denied his request to reinstate his award.
Claimant has an established workers' compensation claim for a back injury resulting from a 2018 work-related accident and was awarded indemnity benefits for periods of temporary total and temporary partial disability. In December 2019, the Workers' Compensation Law Judge (hereinafter WCLJ) continued awards based upon claimant's temporary partial disability and directed claimant to produce evidence of job search efforts at the next scheduled hearing. At the ensuing hearing, claimant presented no evidence of labor market attachment and the WCLJ, in a decision filed February 18, 2020, found that claimant voluntarily removed himself from the labor market and suspended the indemnity benefits. Claimant did not appeal that decision.
In May 2020, claimant, without presenting any new evidence related to his job search efforts, requested that the issue of labor market attachment be revisited, claiming that he was not required to search for employment given, among other things, medical evidence that he was temporarily totally disabled in part due to an unrelated injury to his hip and also because of the state of emergency related to the COVID-19 pandemic. The WCLJ declined to address the labor attachment issue. Upon administrative appeal, the Workers' Compensation Board affirmed, finding that claimant remained unattached to the labor market. That decision was affirmed upon appeal to this Court (205 AD3d 1255 [3d Dept 2022], lv denied 39 NY3d 902 [2022]).
Thereafter, in 2024, a WCLJ classified claimant with a permanent partial disability and, upon stipulation of the parties, found claimant to have a 71% loss of wage-earning capacity, which would entitle him to indemnity benefits; however, reinstatement of indemnity benefits was denied pending a finding of reattachment to the labor market. Upon administrative appeal, the Board, in a decision filed December 13, 2024, affirmed. Claimant appeals.
Claimant contends that the law does not require a permanently partially disabled person like himself to look for work in order to receive indemnity benefits. We disagree. "In 2017, the Legislature amended Workers' Compensation Law § 15 (3) (w) to provide, in part, that in certain cases of permanent partial disability, compensation shall be payable during the continuance of such permanent partial disability, without the necessity for the claimant who is entitled to benefits at the time of classification to demonstrate ongoing attachment to the labor market" (Matter of Digbasanis v Pelham Bay Donuts Inc., 224 AD3d 1047, 1048 [3d Dept 2024] [internal quotation marks, bracket, ellipsis and citation omitted]). "The Court of Appeals has made clear that the amendment to Workers' Compensation Law § 15 (3) (w) . . . does not overrule [*2]the requirement that a claimant must show attachment to the labor market at the time of classification" (Matter of Faisca v New York City Tr. Auth., 222 AD3d 1136, 1138-1139 [3d Dept 2023], citing Matter of O'Donnell Erie County, 35 NY3d 14, 21 [2020]; see also Matter of Delk v Orange & Rockland, 191 AD3d 1067, 1069-1070 [3d Dept 2021]). Having previously been found to have voluntarily removed himself from the labor market, it was incumbent upon claimant to demonstrate reattachment to the labor market at the time of classification (see Matter of Faisca v New York City Tr. Auth., 222 AD3d at 1139; Matter of Delk v Orange & Rockland, 191 AD3d at 1070). At the time that claimant was classified as permanently partially disabled, no proof was produced to demonstrate that he was reattached to the labor market. Absent such evidence, claimant remained unattached to the labor market and the indemnity benefits could not be reinstated. As substantial evidence supports the Board's finding that claimant was not entitled to indemnity benefits upon classification because there was no evidence that he was reattached to the labor market at the time of classification, its decision will not be disturbed (see Workers' Compensation Law § 15 [3] [w]).
Reynolds Fitzgerald, J.P., Ceresia, Fisher and McShan, JJ., concur.
ORDERED that the decision is affirmed, without costs.