◼ In the Matter of WILLIAMSBURG AND GREENPOINT PARENTS: OUR PUBLIC SCHOOLS! et al., Appellant, v BOARD OF TRUSTEES, STATE UNIVERSITY OF NEW YORK, Respondent, and CITIZENS OF THE WORLD CHARTER SCHOOL NEW YORK 1 et al., Intervenors-Respondents. [13 NYS3d 219]——

In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Trustees of the State University of New York, dated June 25, 2012, approving the issuance of charters to Citizens of the World Charter School New York 1 and Citizens of the World Charter School New York 2, the petitioners appeal from a judgment of the Supreme Court, Kings County (Partnow, J.), dated March 5, 2013, which denied the amended petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

On January 3, 2012, the Charter Schools Institute (hereinafter the Institute), an arm of the State University of New York (hereinafter SUNY), issued a request for proposals for new charter schools in the State. The Institute's employees serve as staff to the SUNY Board of Trustees (hereinafter SUNY Trustees) on matters pertaining to charter schools.

On January 19, 2012, Citizens of the World Charter Schools (hereinafter CWCS) responded with letters of intent that it would apply for two charter schools in Community School District 14 in Brooklyn. On February 29, 2012, CWCS submitted applications for the two proposed charter schools. Both the letters of intent and the applications detailed and provided support for CWCS's community outreach, including numerous meetings with parents and other stakeholders, an online survey for parents, and informational materials sent to local organizations, pre-schools, and Head Start programs. The applications contained information regarding solicitation of community input and incorporation of comments into the proposals. They provided a target enrollment of 126 students per school in the first year and attached more than 250 petitions from parents expressing interest in sending their children to the proposed schools.

The Institute posted on its website a list of all active proposals and notified public schools in the area and the Chancellor of the New York City Department of Education (hereinafter NYCDOE) of its applications. The NYCDOE held a public hearing on the applications on April 19, 2012. On May 22, 2012, the Chancellor of the NYCDOE recommended the schools for approval. The Institute issued findings and recommendations dated June 15, 2012, recommending the schools for approval. On June 25, 2012, the SUNY Trustees voted to authorize the charters, finding that the proposals rigorously demonstrated that the applicant conducted the required public outreach to solicit community input and address comments, and the proposals met the requirements of the New York Charter Schools Act of 1998, as amended (hereinafter the Charter Schools Act). On July 16, 2012, the Board of Regents approved the charters.

The petitioners, a group of parents of children in public schools in Community School District 14 and an organization they founded to oppose the subject charter schools, commenced this proceeding pursuant to CPLR article 78 to review the SUNY Trustees' determination authorizing the charters. The amended petition alleged that the SUNY Trustees authorized the charters in violation of Education Law §§ 2851 (2) (q), 2852 (9-a) (b) (ii) and (2) (a), in that CWCS failed to demonstrate adequate community support, outreach, or input, and therefore, the charters should be voided. The SUNY Trustees answered the amended petition, and the charter schools intervened in the proceeding and submitted an answer. The Supreme Court denied the amended petition and dismissed the proceeding. The petitioners appeal.

Judicial review of administrative agency determinations such as the one under consideration here is limited to whether the action taken by the agency was illegal, arbitrary and capricious, or an abuse of discretion (*see* CPLR 7803 [3]; *Matter of Sasso v Osgood*, 86 NY2d 374, 384 [1995]; *Matter of Gjerlow v Graap*, 43 AD3d 1165, 1167 [2007]; *Matter of Halperin v City of New Rochelle*, 24 AD3d 768, 771 [2005]).

Contrary to the charter schools' contention, the petitioners properly brought this proceeding to review the SUNY Trustees' determination pursuant to CPLR article 78 (*see* CPLR 7802 [a]; 7803 [3]). Moreover, as parents of public school students in the relevant Community School District, they had standing to challenge the determination (*see generally Matter of Schwartz v Morgenthau*, 7 NY3d 427, 432 [2006]; *Society of Plastics Indus. v County of Suffolk*, 77 NY2d 761, 775 [1991]).

In authorizing the issuance of charters to the subject schools, the SUNY Trustees were required to find that the proposed schools met all requirements of the Charter School Act (*see* Education Law § 2852 [2] [a]). Given the representations and support therefor contained in CWCS's applications, the SUNY Trustees' determination that CWCS met the statutory requirements with regard to evidence "of adequate community support for and interest in the charter school sufficient to allow the school to reach its anticipated enrollment" (Education Law § 2851 [2] [q]), and public outreach to solicit community input and address comments received from the impacted community concerning the educational and programmatic needs of students (*see* Education Law § 2852 [9-a] [b] [ii]; *Matter of Norris v Walcott*, 36 Misc 3d 711, 727-728 [2012]), was, insofar as relevant here, not arbitrary and capricious. As the SUNY Trustees and the charter schools correctly contend, majority community support is not required by the Charter Schools Act (*see* Education Law § 2851 [2] [q]). Accordingly, the Supreme Court properly denied the amended petition and dismissed the proceeding. Dillon, J.P., Leventhal, Cohen and Maltese, JJ., concur.