■ In the Matter of SHENEQUE JACKSON TIRADO, Respondent, v BOARD OF TRUSTEES OF NEW YORK CITY FIRE DEPARTMENT PENSION FUND, SUBCHAPTER 2, et al., Appellants. [37 NYS3d 295]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Deputy Commissioner for Administration of the Fire Department of the City of New York, on behalf of the Board of Trustees of the New York City Fire Department Pension Fund, Subchapter 2, dated October 2, 2012, which denied the petitioner's application for prospective surviving spouse pension benefits, the appeal is from a judgment of the Supreme Court, Kings County (Velasquez, J.), dated April 29, 2014, which granted the petition, annulled the determination, and directed the Board of Trustees of the New York City Fire Department Pension Fund, Subchapter 2, to award the petitioner surviving spouse pension benefits effective as of August 20, 2012, along with any interest due.

Ordered that the judgment is affirmed, with costs.

The petitioner was married to the decedent, Hector Tirado, Jr. There were five children of the marriage, and the couple also adopted the decedent's three siblings. The decedent was a New York City firefighter who died responding to the terrorist attacks on September 11, 2001. In October 2001, the petitioner applied to the Board of Trustees of the New York City Fire Department Pension Fund, Subchapter 2 (hereinafter the Fund), for pension benefits as the decedent's surviving spouse. There is no contemporaneous response to this application included in the record. Thereafter, the petitioner learned that the decedent, from whom she had been separated at the time of his death, had obtained a default judgment of divorce against her on March 21, 2001. In April 2002, she filed a petition to vacate the default divorce judgment. That proceeding was transferred to the Surrogate's Court and consolidated with proceedings regarding the decedent's estate. By letter dated April 26, 2003, the Supervisor of Pension Payroll of the Fire Department notified the petitioner, as the surviving minor children's guardian, that pension benefits would be paid to the five minor children through their 18th birthdays.

In September 2003, the petitioner and one of the adult children, Angel Tirado, entered into an agreement in the Surrogate's Court proceedings to settle the estate. Among other provisions, Angel agreed to withdraw any objection to vacatur of the default judgment of divorce, and the petitioner agreed to give the minor children any pension benefits from the Fire

Department she received as the surviving spouse, in the same manner as the benefits would be distributed if there were no surviving spouse. When the minor children reached an age that they would no longer be eligible to receive pension benefits, the petitioner would retain for her own exclusive use and enjoyment any remaining pension benefits until her death, as provided in Administrative Code of City of NY § 13-347 (c) (1). In an order and decree (one paper) dated August 26, 2005, the Surrogate's Court vacated the judgment of divorce. In an affidavit submitted in support of the present petition, the petitioner's then-counsel averred that he notified a representative of the Fund of the vacatur of the divorce judgment, and that he believed that he informed the representative about the agreement to defer the petitioner's surviving spouse pension benefits. The Fund continued to make benefit payments to the minor children.

In August and September 2012, the petitioner's counsel wrote three letters to representatives of the Fire Department, noting that the youngest child would attain the age of 18 on August 20, 2012, and none of the children was a full-time student, and requesting that, thereafter, the Fund commence paying surviving spouse pension benefits to the petitioner. Counsel stated that he understood that the matter may currently be before the Board of Trustees of the Fund, and requested a final written determination of the petitioner's claim. By letter dated October 2, 2012, the Deputy Commissioner for Administration of the Fire Department responded that in November 2001, the Fund had determined that there was no surviving spouse and that the death benefit was therefore payable to the decedent's minor children. The Deputy Commissioner stated that the death benefit was a mutually exclusive benefit paid to either a surviving spouse or to surviving minor children, and that all pension benefits had been paid in full to the minor children and did not revert to the petitioner. The Deputy Commissioner noted that the petitioner had obtained vacatur of the divorce judgment without the Fund's participation.

In January 2013, the petitioner commenced this proceeding pursuant to CPLR article 78 to review the Fund's determination. In opposition to the petition, the respondents (hereinafter the appellants) asserted that the proceeding was barred by the statute of limitations and laches and, in any event, the determination was consistent with Administrative Code § 13-347 (c). In a judgment dated April 29, 2014, the Supreme Court granted the petition, annulled the October 2, 2012, determination, and directed the Fund to award the petitioner

surviving spouse pension benefits effective as of August 20, 2012, along with any interest due.

Contrary to the appellants' contention, the proceeding was timely commenced within four months of the October 2, 2012, determination denying her request for prospective surviving spouse pension benefits (*see* CPLR 217 [1]; *Walton v New York State Dept. of Correctional Servs.*, 8 NY3d 186, 194 [2007]). The October 2, 2012 letter was the first and only unambiguously final decision sent to the petitioner regarding her claim for surviving spouse pension benefits (*see Matter of Best Payphones, Inc. v Department of Info. Tech. & Telecom. of City of N.Y.*, 5 NY3d 30, 34 [2005]; *Matter of Edmead v McGuire*, 67 NY2d 714, 716 [1986]). Although the petitioner was notified in 2003 that pension benefits would commence being paid to the minor children, that notification did not advise the petitioner of the Fund's current position that, once such payments to the children began, they could never revert back to the petitioner even if she obtained vacatur of the default divorce judgment, nor did it address the petitioner's claim at all.

Moreover, the proceeding is not barred by the doctrine of laches. Having notified the Fund of her claim to entitlement to surviving spouse pension benefits, and her agreement to defer payment in favor of the children until they reached majority, the petitioner did not unreasonably delay in seeking to protect her interests (*see Matter of Letourneau v Town of Berne*, 89 AD3d 1202, 1203 [2011]). Further, since the petitioner sought only prospective pension benefits and not recovery of payments which had already been made to the children, the appellants failed to show any prejudice resulting from the petitioner's delay in seeking payments after she obtained vacatur of the default divorce judgment in 2005 (*see Matter of Sierra Club v Village of Painted Post*, 134 AD3d 1475, 1476 [2015]).

Judicial review of administrative determinations not made after a quasi-judicial hearing is limited to whether the action taken by the agency was made in violation of lawful procedure, was affected by an error of law, or was arbitrary and capricious or an abuse of discretion (*see* CPLR 7803 [3]; *Matter of 9215 Realty, LLC v State of N.Y. Div. of Hous. & Community Renewal*, 136 AD3d 925 [2016]; *Matter of Williamsburg & Greenpoint Parents: Our Pub. Schs.! v Board of Trustees, State Univ. of N.Y.*, 130 AD3d 638, 639 [2015]). Here, the Supreme Court properly determined that the Fund's denial of the petitioner's request for prospective surviving spouse pension benefits was arbitrary and capricious and an abuse of discretion. Administrative Code § 13-347 (c) provides that pension

benefits "shall" be granted to the decedent's surviving spouse for life, or, if there be no surviving spouse, to surviving minor children until they attain the age of 18, or the age of 23 if a student. The vacatur of the default divorce judgment rendered the petitioner the decedent's surviving spouse, as if the default divorce judgment had never been entered. The Fund was not a necessary party to the proceeding to vacate the default divorce judgment merely because it administers benefits which flow from the petitioner's marital status (*cf.* CPLR 1001 [a]). The order and decree vacating the default divorce judgment is a binding legal paper affecting the petitioner's marital status. Construing the effect of the order and decree vacating the default divorce judgment was a question of law for the court and did not require deference to the agency's area of expertise (*see Valentin v New York City Police Pension Fund*, 16 AD3d 145 [2005]).

The appellants' remaining contentions are improperly raised for the first time on appeal or are without merit (*see Salierno v City of Mount Vernon*, 107 AD3d 971 [2013]).

Accordingly, the Supreme Court properly granted the petition, annulled the October 2, 2012 determination, and directed the Fund to award the petitioner surviving spouse pension benefits (*see Calzaretta v Mulrain*, 131 NYS2d 76 [1954]). Mastro, J.P., Rivera, Sgroi and Maltese, JJ., concur.