■ In the Matter of NICHOLAS LEMMA, Appellant, v NASSAU COUNTY POLICE OFFICER INDEMNIFICATION BOARD et al., Respondents. [47 NYS3d 54]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Nassau County Police Officer Indemnification Board, dated May 22, 2009, determining that the petitioner was not entitled to defense or indemnification in an action entitled *Crews v County of Nassau*, pending in the United States District Court for the Eastern District of New York, under case No. CV-06-2610, the petitioner appeals from a judgment of the Supreme Court, Nassau County (Jaeger, J.), entered December 20, 2013, which, upon a decision of the same court dated May 3, 2013, made after a nonjury trial pursuant to CPLR 7804 (h), denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

The petitioner was a Nassau County Police Department (hereinafter NCPD) detective involved in the investigation of a robbery, for which Raheem Crews and two others were arrested. After the charges against Crews were dismissed, Crews commenced a federal action against the NCPD and others, including the petitioner, alleging unlawful imprisonment and other violations of his civil rights (hereinafter the Crews action). The Deputy County Attorney submitted the matter to the Nassau County Police Indemnification Review Board (hereinafter the Board) to determine whether the members of the police force named in the complaint would be defended and indemnified in connection with the Crews action. On July 28, 2006, the Board determined that defense and indemnification would be provided.

In 2009, the petitioner was deposed in the Crews action. The petitioner was the detective assigned to the robbery investigation. During his testimony, he revealed for the first time that he had learned a few days after Crews was arrested that Crews was in jail on the date of the robbery and, therefore, could not have committed the robbery. Asked what he did with that information, he testified, "I kept it to myself and said 'Let the chips fall where they may.'" Although the robbery occurred on March 26, 2005, due to a typographical error, the arrest report

and felony complaint alleged that the robbery occurred on April 26, 2005. Crews, arrested on May 27, 2005, was in jail for four months before he was arraigned on an indictment, which alleged the correct robbery date. The alibi was then discovered, Crews was released from jail, and the charges were thereafter dismissed.

Based on the petitioner's admission at his deposition, the Board reopened its original determination to defend and indemnify him. After a hearing, the Board denied the petitioner defense and indemnification, finding that his alleged acts were not committed while in the proper discharge of his duties and within the scope of his employment, as required by General Municipal Law § 50-l. The petitioner appealed the determination to the Board and another hearing was held. In a determination dated May 22, 2009, the Board adhered to its denial of defense and indemnification.

The petitioner commenced this proceeding pursuant to CPLR article 78 to review the Board's determination, arguing that the determination was arbitrary and capricious, lacked a factual basis, and was based on an interpretation of the statute which was contrary to law. The Supreme Court directed a nonjury trial pursuant to CPLR 7804 (h), after which the Supreme Court denied the petition and dismissed the proceeding. The petitioner appeals.

Judicial review of administrative determinations not made after a quasi-judicial hearing is limited to whether the action taken by the agency was made in violation of lawful procedure, was affected by an error of law, or was arbitrary and capricious or an abuse of discretion (*see* CPLR 7803 [3]; *Matter of 9215 Realty, LLC v State of N.Y. Div. of Hous. & Community Renewal*, 136 AD3d 925 [2016]; *Matter of Williamsburg & Greenpoint Parents: Our Pub. Schs.! v Board of Trustees, State Univ. of N.Y.*, 130 AD3d 638, 639 [2015]). "When a statute is ambiguous and requires interpretation, the construction given to the statute by an administrative agency responsible for its administration should be upheld by the courts, unless the agency's interpretation is irrational, unreasonable, or inconsistent with the governing statute" (*Matter of Better World Real Estate Group v New York City Dept. of Fin.*, 122 AD3d 27, 35 [2014] [citations omitted]; *see Matter of Toys "R" Us v Silva*, 89 NY2d 411, 418-419 [1996]; *Matter of Robins v Blaney*, 59 NY2d 393, 399 [1983]). "When presented with a question of statutory interpretation, [the] primary consideration 'is to ascertain and give effect to the intention of the Legislature' " (*Matter of DaimlerChrysler Corp. v Spitzer*, 7 NY3d 653, 660 [2006], quot-

ing *Riley v County of Broome*, 95 NY2d 455, 463 [2000]). Where a statute does not define its terms, those terms must be given their ordinary meaning (*see Matter of Better World Real Estate Group v New York City Dept. of Fin.*, 122 AD3d 27, 35 [2014]).

General Municipal Law § 50-l provides: "Notwithstanding the provisions of any other law, code or charter, the county of Nassau shall provide for the defense of any civil action or proceeding brought against a duly appointed police officer of the Nassau county police department and shall indemnify and save harmless such police officer from any judgment of a court of competent jurisdiction whenever such action, proceeding or judgment is for damages, including punitive or exemplary damages, arising out of a negligent act or other tort of such police officer committed while in the proper discharge of his duties and within the scope of his employment. Such proper discharge and scope shall be determined by a majority vote of a panel consisting of one member appointed by the Nassau county board of supervisors, one member appointed by the Nassau county executive, and the third member being the Nassau county police commissioner or a deputy police commissioner."

The petitioner contends that the Board irrationally interpreted the statute to limit defense and indemnification to those situations where it determines that the officer acted *both* within the scope of his or her employment *and* in the proper discharge of his or her duties. He contends that the terms should be applied interchangeably, since indemnification for punitive damages would be inconsistent with a requirement for proper conduct. He argues that the Board's interpretation effectively repeals portions of the statute because no act that is so outrageous as to justify punitive damages could ever be determined to be proper (*see Marinaccio v Town of Clarence*, 20 NY3d 506, 511 [2013]).

The petitioner correctly identifies an ambiguity in the statute. However, the legislative history of General Municipal Law § 50-l and the enactment or amendment of other public employee indemnification statutes around the same time reveals that the Board's interpretation is consistent with the legislative intent. The phrases "proper discharge of his duties" and "within the scope of his employment" were not intended to be interchangeable (*cf. Matter of Sagal-Cotler v Board of Educ. of the City Sch. Dist. of the City of N.Y.*, 20 NY3d 671, 675-676 [2013]). Rather, the word "proper" was intentionally added to this statute and later statutes which provided for indemnification of punitive damages so as to exclude indemnification for intentional misconduct (*see* General Municipal Law §§ 50-m,

50-j [6]). The concern was that a proliferation of lawsuits seeking personal damages from officers, including punitive damages, was having a chilling effect on officers in properly discharging their duties. The justification offered for the bill by its Senate sponsor emphasized that "[t]his bill does not provide blanket immunity but would alleviate [officers'] concern that their actions, *although proper*, may subject them to personal liability" (Mem in Support, Bill Jacket, L 1983, ch 872 at 7 [emphasis added]). Numerous letters in support of the bill reflected the worry that juries could improperly impose punitive damages on officers despite the fact that they "acted with unquestioned good faith" (Letter of Superior Officers Assn, Bill Jacket, L 1983, ch 872 at 23). Accordingly, the Board's interpretation of the statute was not irrational or unreasonable, but was consistent with the statute and its legislative intent.

The statute vests the Board with the discretion to determine the issues of proper discharge of duties and scope of employment, limited only by judicial review of whether a denial of defense and indemnification is arbitrary and capricious (*see Matter of Salino v Cimino*, 1 NY3d 166, 172 [2003]; *Matter of Williams v City of New York*, 64 NY2d 800, 802 [1985]). Here, the Board's determination that the petitioner was not acting within the scope of his employment was arbitrary and capricious (*see Matter of Sagal-Cotler v Board of Educ. of the City Sch. Dist. of the City of N.Y.*, 20 NY3d at 675; *Riviello v Waldron*, 47 NY2d 297, 302 [1979]). However, its determination that the petitioner's failure to notify anyone that an incarcerated arrestee could not possibly have committed the robbery for which he was charged was not "committed while in the proper discharge of his duties" was supported by the facts and was not arbitrary and capricious (General Municipal Law § 50-l; *see Matter of Williams v City of New York*, 64 NY2d at 802). A court "may not substitute its judgment for that of the agency responsible for making the determination, but must ascertain only whether there is a rational basis for the decision or whether it is arbitrary and capricious" (*Matter of Rodriguez v County of Nassau*, 80 AD3d 702, 703 [2011]). Accordingly, the Supreme Court properly denied the petition and dismissed the proceeding.

The petitioner's constitutional argument, raised for the first time in his reply brief, is not properly before this Court (*see U.S. Bank N.A. v Dellarmo*, 128 AD3d 680, 681 [2015]). Mastro, J.P., Maltese, Duffy and Brathwaite Nelson, JJ., concur.