Fetahu v New Jersey Tr. Corp. (2021 NY Slip Op 05164)





Fetahu v New Jersey Tr. Corp.


2021 NY Slip Op 05164


Decided on September 30, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: September 30, 2021

Before: Manzanet-Daniels, J.P., Kern, Oing, Rodriguez, Higgitt, JJ. 


Index No. 158294/13 Appeal No. 14239 Case No. 2021-02574 

[*1]Valbona Fetahu, Plaintiff-Respondent,
v
New Jersey Transit Corporation, Defendant-Appellant.


McGivney Kluger Clark & Intoccia P.C., New York (Dean L. Pillarella of counsel), for appellant.
Law Office of Jonah Grossman, Jamaica (Lawrence B. Lame of counsel), for respondent.



Order, Supreme Court, New York County (Adam Silvera, J.), entered on or about April 29, 2020, which denied defendant's motion to dismiss plaintiff's claim as barred by the doctrine of state sovereign immunity, unanimously affirmed, without costs.
Although defendant is an "arm of the state" of New Jersey (see Karns v Shanahan, 879 F3d 504, 512-519 [3d Cir 2018]), it waived its sovereign immunity defense by engaging in litigation conduct that amounted to an "inescapably [] clear declaration to have [New York] courts entertain this action" (see Belfand v Petosa, 196 AD3d 60, 73 [1st Dept 2021]). Defendant did not assert the defense until six years after commencement of this action, and had by then defended against the case on the merits (see Henry v New Jersey Tr. Corp., 195 AD3d 444, 445 [1st Dept 2021]). To the extent defendant contends that it could not have raised the defense before Franchise Tax Bd. of Cal. v Hyatt (587 US &mdash, 139 S Ct 1485 [2019]), we have already considered and rejected this contention in Belfand (196 AD3d at 72-73).
We decline to consider defendant's argument that the Full Faith and Credit Clause requires dismissal of the action (see Franchise Tax Bd. of California v Hyatt, —US &mdash, 136 S Ct 1277 [2016]), as it is raised for the first time in the reply brief (see Matter of Lemma v Nassau County Police Officer Indem. Bd., 147 AD3d 760, 763 [2d Dept 2017], affd 31 NY3d 523 [2018]). We also reject defendant's contention that it may raise the argument for the first time on reply because of the "intervening change in law" set forth in Belfand (196 AD3d 60) and Henry (195 AD3d 444). In fact, neither Belfand nor Henry changed the law regarding immunity under the Full Faith and Credit Clause.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: September 30, 2021