Nizomov v Jones (2023 NY Slip Op 05266)

Nizomov v Jones

2023 NY Slip Op 05266

Decided on October 18, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 18, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
ROBERT J. MILLER
LARA J. GENOVESI
LILLIAN WAN, JJ.

2020-09716
2021-03847
 (Index No. 518809/18)

[*1]Vakhobjon Nizomov, et al., appellants, 
v
Michael D. Jones, et al., respondents.

Shulman & Hill, PLLC (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac and Christopher J. Soverow], of counsel), for appellants.
Ruprecht, Hart, Ricciardulli & Sherman, LLP, New York, NY (Jessica M. Anderson of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal from (1) an order of the Supreme Court, Kings County (Carolyn E. Wade, J.), dated November 23, 2020, and (2) an order of the same court dated May 6, 2021. The order dated November 23, 2020, granted the defendants' motion pursuant to CPLR 3211(a)(2) to dismiss the complaint. The order dated May 6, 2021, insofar as appealed from, in effect, upon reargument, adhered to the determination in the order dated November 23, 2020, granting the defendants' motion pursuant to CPLR 3211(a)(2) to dismiss the complaint, and denied that branch of the plaintiffs' motion which was, in the alternative, for an order estopping the defendants from asserting the statute of limitations as a defense in any future action commenced by the plaintiffs in the state of New Jersey.
ORDERED that the appeal from the order dated November 23, 2020, is dismissed, as that order was superseded by the order dated May 6, 2021, made upon reargument; and it is further,
ORDERED that the order dated May 6, 2021, is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the defendants.
The plaintiffs allege that, on or about August 3, 2017, at Beach Street and Greenwich Street in New York County, the defendant Michael D. Jones, while acting within the scope of his employment with the defendant New Jersey Transit Corporation (hereinafter NJT), and while operating a motor vehicle owned by NJT, struck a vehicle operated by the plaintiff Vakhobjon Nizomov, resulting in personal injuries to Nizomov. Thereafter, Nizomov, and his spouse suing derivatively, commenced this action to recover damages for personal injuries resulting from the accident. The defendants moved pursuant to CPLR 3211(a)(2) to dismiss the complaint, asserting that, pursuant to the holding of the United States Supreme Court in Franchise Tax Bd. of Cal. v Hyatt (_____ US _____, 139 S Ct 1485) (hereinafter Hyatt), an arm of a State, such as the defendants, may not be sued by a private party in the courts of a different state without the [*2]defendants' consent. By order dated November 23, 2020, the Supreme Court granted the defendants' motion. Thereafter, the plaintiffs moved, among other things, for leave to reargue their opposition to the defendants' motion, or, in the alternative, for an order estopping the defendants from asserting the statute of limitations as a defense in any future action commenced by the plaintiffs in the state of New Jersey. By order dated May 6, 2021, the court, in effect, upon reargument, adhered to its prior determination granting the defendants' motion pursuant to CPLR 3211(a)(2) to dismiss the complaint, and denied the plaintiffs' request for alternate relief. The plaintiffs appeal.
In Hyatt, the United States Supreme Court held that "States retain their sovereign immunity from private suits brought in the courts of other States" (Franchise Tax Bd. of Cal. v Hyatt, ___ US at ___, 139 S Ct at 1492). Hyatt overruled Nevada v Hall (440 US 410, 426), in which the Court held that "[n]othing in the Federal Constitution authorizes or obligates" a forum state to respect the sovereign immunity of a defendant sister State (id. at 425-427). However, a state can waive sovereign immunity only under limited circumstances, including by the enactment of legislation or by specific conduct during litigation (see Lapides v Board of Regents of Univ. System of Ga., 535 US 613, 616; College Savings Bank v Florida Prepaid Postsecondary Ed. Expense Bd., 527 US 666, 675-676).
Contrary to the plaintiffs' contention, the defendants did not consent to suit or waive their sovereign immunity in New York by virtue of their extensive operations within this State (see College Savings Bank v Florida Prepaid Postsecondary Ed. Expense Bd., 527 US at 676-691). "A State's consent to suit must be 'unequivocally expressed' in the text of the relevant statute" and therefore "may not be implied" (Sossamon v Texas, 563 US 277, 284, quoting Pennhurst State School and Hospital v Halderman, 465 US 89, 99; see also Dreger v New York State Thruway Auth., 81 NY2d 721, 724). Although NJT is a public entity subject to the New Jersey Tort Claims Act (hereinafter the TCA) (see Maison v New Jersey Tr. Corp., 245 NJ 270, 288-289, 245 A3d 536, 547; Muhammad v New Jersey Tr., 176 NJ 185, 194, 821 A2d 1148, 1153), "New Jersey's consent to suits in its state courts under [the TCA] is not an express consent to suit in courts of a sister state" (see Belfand v Petosa, 196 AD3d 60, 69; Hyatt v County of Passaic, 340 Fed Appx 833, 837 [3d Cir]; see also NJ Stat Ann §§ 59:9-1, 59:9-7). Furthermore, under the facts and circumstances of this case, the defendants' conduct during this litigation did not amount to a waiver of sovereign immunity (see Colt v New Jersey Tr. Corp., 206 AD3d 126, 129; cf. Taylor v New Jersey Tr. Corp., 199 AD3d 540, 541; Fetahu v New Jersey Tr. Corp., 197 AD3d 1065, 1065; Belfand v Petosa, 196 AD3d at 72-73; Henry v New Jersey Tr. Corp., 195 AD3d 444, 445).
The plaintiffs failed to demonstrate that the defendants, as proxy for the state of New Jersey, adopted a policy of hostility to the public acts of New York in derogation of the Full Faith and Credit Clause of the United States Constitution (see Franchise Tax Bd. of Cal. v Hyatt, 578 US 171, 176; Carroll v Lanza, 349 US 408, 409-413). Conversely, the plaintiffs have not shown that, in deferring to the sovereignty of New Jersey and its courts in accordance with Hyatt, New York's own legitimate public policy has been unconstitutionally infringed upon (see Franchise Tax Bd. of Cal. v Hyatt, _____ US at _____, 139 S Ct at 1497; Broderick v Rosner, 294 US 629, 642-643). "The Constitution does not merely allow States to afford each other immunity as a matter of comity; it embeds interstate sovereign immunity within the constitutional design" (Franchise Tax Bd. of Cal. v Hyatt, _____ US at _____, 139 S Ct at 1497).
The Supreme Court properly rejected the plaintiffs' request, in the alternative, for an order estopping the defendants from asserting the statute of limitations as a defense in any future action commenced by the plaintiffs in the state of New Jersey (see generally Coleman v Daines, 19 NY3d 1087, 1090; Church of St. Paul & St. Andrew v Barwick, 67 NY2d 510, 520). Furthermore, the plaintiffs' speculation that the defendants may have waived their sovereign immunity by contract did not provide a sufficient basis to deny the defendants' motion to dismiss the complaint (see generally Peterson v Spartan Indus., 33 NY2d 463, 465-467; Karpovich v City of New York, 162 AD3d 996, 998; Rochester Linoleum & Carpet Ctr., Inc. v Cassin, 61 AD3d 1201, 1202).
The plaintiffs remaining contentions are either improperly raised for the first time on appeal or without merit.
BARROS, J.P., MILLER, GENOVESI and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court