| **Scrowcroft v George S. Hall, Inc.** |
|:---:|
| 2024 NY Slip Op 31115(U) |
| April 3, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 155733/2023 |
| Judge: Lisa S. Headley |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    **HON. LISA S. HEADLEY**                    PART        **28M**

                                                    *Justice*

-----------------------------------------------------------------------X

WILLIAM SCROWCROFT,

                    Plaintiff,

- v -

GEORGE S. HALL, INC., NEW JERSEY TRANSIT
CORPORATION, NATIONAL RAILROAD PASSENGER
CORPORATION, METROPOLITAN TRANSPORTATION
AUTHORITY, LONG ISLAND RAILROAD,

                    Defendant.

-----------------------------------------------------------------------X

NATIONAL RAILROAD PASSENGER CORPORATION

                    Plaintiff,

                    -against-

MID-AMERICAN ELEVATOR CO., INC.

                    Defendant.

-----------------------------------------------------------------------X

INDEX NO.             155733/2023

MOTION DATE           11/16/2023

MOTION SEQ. NO.           001

**DECISION + ORDER ON MOTION**

Third-Party
Index No.  595884/2023

The following e-filed documents, listed by NYSCEF document number (Motion 001) 2, 3, 4, 5, 6, 7, 22, 24, 26, 27

were read on this motion to/for                    DISMISSAL

Before the Court is the motion filed by defendant, New Jersey Transit Corporation ("New Jersey Transit"), to dismiss the complaint, with prejudice, pursuant to *CPLR §3211*, because the plaintiff's claims are barred by the doctrine of State Sovereign Immunity, and this Court does not have subject matter jurisdiction over New Jersey Transit. The plaintiff filed opposition to the motion, and New Jersey Transit filed a reply.

Plaintiff commenced this action as a result of sustaining injuries while working as a mechanic for Mid-American Elevator Co. Inc, at Pennsylvania Station located at 2 Pennsylvania Plaza, New York, New York. Specifically, the plaintiff alleges that he was seriously injured while performing repair on an out of service elevator, which services the New Jersey Transit.

In support of the motion to dismiss, New Jersey Transit argues, *inter alia*, that the defendant New Jersey Transit is "an arm of the State of New Jersey," and is entitled to interstate sovereign immunity. *Karns v. Shanahan*, 879 F. 3d 504, 519 (3d Cir. 2018); *see also*, *Colt v. N.J. Transit Corp.*, 206 A.D. 3d 126, 128 (1st Dep't 2022). Specifically, New Jersey Transit argues that as an

**155733/2023  SCROWCROFT, WILLIAM vs. GEORGE S. HALL, INC. ET AL**                    **Page 1 of 6**
**Motion No.  001**

1 of 6

arm of the State of New Jersey, it "cannot be sued by private parties like plaintiff in New York." *See*, *Franchise Tax Bd. of California v. Hyatt*, 587 US 230, 139 S Ct 1485, 1492 (2019). New Jersey Transit also argues that it did not consent to jurisdiction in New York. In addition, New Jersey Transit argues that it did not waive its immunity from this suit through its conduct in this litigation, and that it can raise sovereign immunity at any time.

Defendant New Jersey Transit submitted a memorandum of law arguing, in sum, that this Court is obligated to follow the United Supreme Court's decision in *Franchise Tax Bd. of California v. Hyatt*, 587 US 230, 139 S Ct 1485 (2019) ("*Hyatt III*"), which held that a State may be sued by a private citizen in a sister state only when it has consented to such suits. *See also, Belfand v. Petosa*, 196 A.D.3d 60 (1st Dep't 2021). New Jersey Transit also argues that this Court should ignore the Appellate Division's decision in *Colt v. New Jersey Tr. Corp.*, which denied the defendant's motion to dismiss because New Jersey Transit had engaged in litigation conduct, including three years of discovery, and after the statute of limitations had expired in New Jersey. *Colt v. New Jersey Tr. Corp.*, 206 A.D.3d 126 (1st Dep't 2022); *citing, Fetahu v. New Jersey Transit Corp.*, 197 A.D.3d 1065 (1st Dep't 2021). Here, New Jersey Transit argues that the instant motion should prevail because "it is seeking dismissal based on sovereign immunity at the earliest possible moment in this case." Therefore, the Court should grant this motion to dismiss plaintiff's claims against defendant New Jersey Transit based upon the doctrine of interstate immunity.

In opposition, the plaintiff argues, *inter alia*, that New Jersey Transit's motion lacks merit and disregards the binding judicial precedent in *Colt v. New Jersey Tr. Corp., supra*. Plaintiff argues that it is undisputed that the plaintiff could not have brought this action in the State of New Jersey because New Jersey law requires that a "suit against a municipal corporation be commenced in the county in which the cause of action arose." *See, N.J. Stat. §4:3-2*. Plaintiff argues New Jersey Transit "would be subject to a negligence suit in the courts of New Jersey under the state's Tort Claims Act should the incident or cause of action have arisen from events occurring in the State of New Jersey." Plaintiff argues that it would not have a judicial forum to bring this suit since "based on applicable statutory law, the ability to commence a negligence action against New Jersey Transit in the State of New Jersey is dependent on which county the incident occurred in the State of Jersey[.]"

Plaintiff argues that the Court should follow the Appellate Division's decision in *Colt*, that it was proper for the plaintiff to proceed in New York County against New Jersey Transit in a tort claim involving a New Jersey Transit bus crash in New York City. In the *Colt* decision, the Court held that there is no single factor controlling to determine whether to dismiss an action, and the Court considered "the burden on New York courts, the potential hardship on the defendant, the availability of an alternate forum in which the plaintiff may bring the suit, the residency of the parties, the forum in which the cause of action arose, and the extent to which the plaintiff's interests may otherwise be properly served by pursuing the claim in New York." *See, Colt*, 206 A.D.3d at 132-33. Here, the plaintiff asserts that the New Jersey defendant would not be burdened or experience hardship in defending this action in New York since they conduct business in New York, where the accident occurred. Furthermore, the plaintiff contends that the same defendant

155733/2023 SCROWCROFT, WILLIAM vs. GEORGE S. HALL, INC. ET AL
Motion No. 001

Page 2 of 6

2 of 6

made this motion after being denied by the Court on the very same grounds in the case in *DiPierno v. New Jersey Tr. Corp.* 170 N.Y.S. 3d 877 (July 7, 2023). Therefore, the plaintiff requests that the defendant's motion be denied in its entirety.

In reply, Defendant New Jersey Transit emphasizes that this Court is obligated to follow the decision in *Hyatt III* and to ignore the decision in *Colt* because "to the degree that any Appellate Division decision is based upon an interpretation of the Federal Constitution which conflicts with a United States Supreme Court ruling, this court must follow the holding of the United States Supreme Court and not the Appellate Division."

Defendant contends that the plaintiff's argument that he could not have brought this action in New Jersey because *New Jersey Court Rule 4:3-2(a)(2)* states in pertinent part that venue shall be laid, "...in the county in which the cause of action arose... is not absolute since the plaintiff also recognizes that such rule does not speak in mandatory terms because "any rule may be relaxed or dispensed with by the court in which the action is pending if adherence to it would result in an injustice." *See, New Jersey Court Rule 1:1-2(a).* Thus, defendant argues that the plaintiff needs only dismiss the present action and refile in New Jersey in order to avail himself of *New Jersey Court Rule 1:1-2(a).* Defendant further argues here, unlike in *Colt*, the two-year statute of limitations applicable to claims against public entities under the New Jersey Torts Claim Act has not yet lapsed since the subject incident only just occurred a year ago on March 7, 2023.

Lastly, the defendant argues that it does not "get a free pass" since it is immune from suit in New York by the doctrine of State Sovereign Immunity. However, the plaintiff is not left without a judicial forum, in that, the plaintiff can refile the lawsuit in New Jersey and "nothing is precluding him from doing so."

## DISCUSSION

The issue before this Court is whether the doctrine of State Sovereign Immunity applies to the New Jersey defendant, which is a state-owned public transportation system, and whether the Court should apply the rule held in the U.S. Supreme Court decision, *Hyatt III*, or apply the rule set forth in the recent Appellate Division's decision affirming the New York Supreme Court's decision in *Colt*, to deny the defendant's motion to dismiss the action.

Sovereign immunity encompasses three distinct concepts: the immunity the states enjoy from suits in federal courts, the immunity they enjoy from suits in other states' courts (or "interstate sovereign immunity"), and the immunity they enjoy in their own courts. *See, Henry v. New Jersey Transit Corp.,* 39 N.Y.3d 361 (2023).

In the highest Court of the land, U.S. Supreme Court, held the Board did not waive its sovereign immunity, and that States retain their sovereign immunity from private suits brought in the courts of other States. *Franchise Tax Bd. of California v. Hyatt,* 587 US 230, 139 S Ct 1485, 203 L Ed 2d 768 (2019) ("*Hyatt III*"). *Hyatt III* addresses the issue that States retain their sovereign immunity from private suits brought in the courts of other States, and overruled *Nevada v. Hall's* precedent, which held that the Constitution does not bar private suits against a State in the courts of another State. *Id.* Further, *Hyatt III* holds that a State may be sued by a private citizen in a sister

**155733/2023  SCROWCROFT, WILLIAM vs. GEORGE S. HALL, INC. ET AL**
**Motion No.  001**

Page 3 of 6

3 of 6

state only when it has consented to such suits. *See also, Belfand v. Petosa,* 196 A.D.3d 60 (1st Dep't 2021).

Here, this Court recognizes that the State of New Jersey enjoys immunity from suits in other states' courts because of interstate sovereign immunity. *See, Henry v. New Jersey Transit Corp.,* 39 N.Y.3d 361 (2023). The United States Supreme Court also ruled in *Hyatt III* that a State who fails to assert its sovereign immunity defense at the trial level effectively waives their immunity defense and can be sued in a sister state's court. *Id.* Specifically, a defendant, that is an "arm of the state" of New Jersey waives its sovereign immunity defense by engaging in litigation conduct that amounted to an "inescapably [ ] clear declaration to have [New York] courts entertain this action." *See, Fetahu v. New Jersey Transit Corp.,* 197 A.D.3d 1065 (1st Dep't 2021).

Therefore, based upon *Hyatt III,* this Court finds that since defendant New Jersey Transit did not waive its sovereign immunity defense at the trial level, and in fact, raised this defense within a month of this case being filed, it is therefore immune from suit before this New York court. Consequently, defendant New Jersey Transit "may not be sued by a private party in the courts of a different state without defendant New Jersey Transit's consent". *Nizomov v. Jones,* 220 A.D.3d 879 (2d Dep't 2023). Additionally, this Court recognizes that defendant New Jersey Transit, by virtue of their extensive operations within the State of New York, has not consented to suit or waived their sovereign immunity because "[a] State's consent to suit must be 'unequivocally expressed' in the text of the relevant statute and therefore 'may not be implied'." *Id.*

In opposition, the plaintiff argues that this Court should follow the *Colt* decision, and to deny the motion to dismiss because the plaintiff does not have any other jurisdiction to file this personal injury action.

In *Colt,* the Court affirmed Justice Silvera's decision to deny the defendant's motion to dismiss, and reasoned that:

> "NJT would not be prejudiced, given that it waited three years to move to dismiss on the ground of sovereign immunity. Nor would it be burdened in defending this action in our courts, given that all the relevant witnesses and evidence are in New York, where the accident took place, and it has participated in three years' worth of discovery. Indeed, NJT has participated in discovery in many other actions against it in New York (*see e.g. Taylor,* 199 A.D.3d 540, 158 N.Y.S.3d 58; *Fetahu,* 197 A.D.3d 1065, 154 N.Y.S.3d 50; *Henry,* 195 A.D.3d 444, 144 N.Y.S.3d 851; *Belfand,* 196 A.D.3d 60, 148 N.Y.S.3d 457). Further, the ability to commence a negligence action against NJT in New Jersey state courts is dependent solely on the fortuitousness of where the accident occurs. Plaintiffs cannot seek redress for NJT's tortious conduct in New York state courts under the doctrine of sovereign immunity and are precluded from suing in New Jersey state courts merely because the cause of action did not arise in that state (*see Piper Aircraft Co. v. Reyno,* 454 U.S. 235, 254 n. 22, 102 S. Ct. 252, 70 L.Ed.2d 419 [1981] [" "]). Thus, our plaintiffs and other similarly situated plaintiffs are without a judicial forum."

**155733/2023  SCROWCROFT, WILLIAM vs. GEORGE S. HALL, INC. ET AL**
**Motion No. 001**

Page 4 of 6

4 of 6

*Colt v. New Jersey Tr. Corp.*, 206 AD3d 126, 133 [1st Dept 2022], appeal dismissed, 39 NY3d 954 [2022].

In opposition, the plaintiff also cites to the case, *Dipierno v. New Jersey Tr. Corp*, which denied the defendant's similar application to dismiss that action.

In *Dipierno v. New Jersey Tr. Corp.*, 75 Misc 3d 1221(A) (Sup Ct 2022), the Court determined that it was

"persuaded by the reasoning set forth in the recent decision and order of the Appellate Division, First Department in *Colt v. New Jersey Transit Corporation*, 2022 NY Slip Op 03343 (May 24, 2022), affirming the trial court's denial of a motion to dismiss for lack of jurisdiction on sovereign immunity grounds. In *Colt*, the First Department framed the issue as whether it should dismiss a personal injury action on the ground of sovereign immunity when the action cannot be commenced in the sovereign's own courts because the injury arose outside of the sovereign's borders and held, after consideration of certain factors, that dismissal of the action against the NJT defendants would be inappropriate because it would leave plaintiffs and similarly situated plaintiffs without a judicial forum. Plaintiffs in this case are similarly situated to the plaintiffs in *Colt*. For the reasons set forth in *Colt*, the motion to dismiss is denied.

*Dipierno v. New Jersey Tr. Corp.*, 75 Misc 3d 1221(A) (Sup Ct 2022).

"At common law, the doctrine of sovereign immunity generally shielded a state from suit absent its consent…[and] the Supreme Court of the United States found that State sovereign immunity is 'implicit in the constitutional design'." *Alston v. State*, 97 N.Y.2d 159, 161 (2001). A "state is presumptively immune unless it has 'unequivocally expressed' its consent to private suit." *See, Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99 (1984). Contrary to the plaintiff's contention, the New Jersey Transit defendant argues it did not consent to the suit, and their operation of business in New York does not constitute a waiver of their sovereign immunity.

Here, New Jersey Transit is a public entity subject to the New Jersey Tort Claims Act, which allows tort claims for personal injuries to be brought against New Jersey public entities in which the "public entity is liable for injury proximately caused by an act or omission of a public employee within the scope of his employment in the same manner and to the same extent as a private individual under like circumstances" *N.J.S.A. 59-2*. "New Jersey permits victims of motor vehicle accidents to sue the State of New Jersey in New Jersey and has not raised jurisdictional objections to suits against it in New York in the past." *Ceretta v. New Jersey Transit Corp.*, 267 A.D.2d 128 (1st Dep't 1999). In addition, this Court considers the facts of this case to be distinguishable from the *Colt* case, *supra*. Primarily, the New Jersey defendant in this case filed this pre-answer motion to dismiss on the basis of sovereign immunity at the earliest possible moment in this case. To the contrary, in *Colt*, the New York Supreme Court considered, in denying the motion to dismiss, that the New Jersey Transit defendant would not be prejudiced since it had participated in three years of discovery, and that there was no alternative venue to try the case

[* 5]

5 of 6

155733/2023  SCROWCROFT, WILLIAM vs. GEORGE S. HALL, INC. ET AL

Page 5 of 6

because the statute of limitations had already expired in New Jersey. Here, no discovery has been conducted. Further, the two-year statute of limitations applicable to claims against public entities under the New Jersey Torts Claim Act has not yet lapsed since the subject incident only just occurred a year ago on March 7, 2023. *See, N.J.Stat.Ann. § 2A:14–2.*

Here, this Court finds the arguments presented in the defendant's motion prevail, and this instant action is distinguishable from the Appellate Division's decision in *Colt*, therefore, the defendant New Jersey Transit as "an arm of the State of New Jersey," has not consented to the suit to be heard in New York, and thus, is entitled to interstate sovereign immunity.

Accordingly, it is hereby

**ORDERED** that the defendant, New Jersey Transit Corporation's motion to dismiss the complaint, with prejudice, pursuant to *CPLR §3211*, because the plaintiff's claims are barred by the doctrine of State Sovereign Immunity, and that this Court does not have subject matter jurisdiction over the New Jersey defendant is GRANTED; and it is further

**ORDERED** that the action is continued against the remaining defendants; and it is further

**ORDERED** that the caption be amended to reflect the dismissal and that all future papers filed with the court bear the amended caption; and it is further

**ORDERED** that any relief sought not expressly addressed herein has nonetheless been considered; and it is further

**ORDERED** that counsel for the moving party shall serve a copy of this order with notice of entry upon the Clerk of the Court (60 Centre Street, Room 141B) and the Clerk of the General Clerk's Office (60 Centre Street, Room 119), who are directed to amend their records to reflect such change in the caption herein; and it is further

**ORDERED** that such service upon the Clerk of the Court and the Clerk of the General Clerk's Office shall be made in accordance with the procedures set forth in the *Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases*; and it is further

**ORDERED** that within 30 days of entry, defendant New Jersey Transit shall serve a copy of this decision/order upon the plaintiff and remaining defendants with notice of entry.

This constitutes the Decision/Order of the Court.

_____4/3/2024_____
DATE

LISA S. HEADLEY, J.S.C.

CHECK ONE:

| | | | | | | |
|---|---|---|---|---|---|---|
| | ☐ CASE DISPOSED | | | ☒ NON-FINAL DISPOSITION | | |
| ☒ | GRANTED | ☐ DENIED | | ☐ GRANTED IN PART | ☐ | OTHER |

APPLICATION: | ☐ SETTLE ORDER | | ☐ SUBMIT ORDER |

CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

155733/2023 SCROWCROFT, WILLIAM vs. GEORGE S. HALL, INC. ET AL
Motion No. 001

Page 6 of 6

6 of 6

[* 6]